## BOVA et al. v. WYATT.
### No. 10979.

Court of Civil Appeals of Texas. Galveston.

April 25, 1940.

Rehearing Denied May 30, 1940.

Geo. W. Dixon and H. J. Hendrix, both of Houston, for plaintiffs in error.

Hardway & Austin and L. P. Gwin, all of Houston, for defendant in error.

MONTEITH, Chief Justice.

This is an appeal by writ of error in a trespass to try title action brought by defendant in error, R. O. Wyatt, against plaintiffs in error, Cumire Bova and husband, J. P. Bova, to recover title and possession of 50 acres of land located in Walker County, Texas. For convenience, the parties will be designated in this opinion as in the trial court.

Plaintiff pled a formal suit in trespass to try title. Defendants answered by general demurrer, general denial, and a plea of not guilty. By cross-action Mrs. Bova alleged the ownership of said land in herself.

In a trial before the court without a jury judgment was rendered in favor of plaintiff. The court's judgment embodies the following findings of fact, which are borne out by the record:

"(a) That George W. Dixon is the common source of title.

"(b) That on the 24th day of April, 1929, Marine Banking and Trust Company recovered a judgment in cause No. 47568 in the Justice Court of Harris County, Texas, against George W. Dixon, which judgment on the 10th day of February, 1937, was duly transferred and assigned with all rights and liens securing same to R. O. Wyatt by the Marine Bank and Trust Company, which in turn had previously obtained the judgment and liens securing same by assignment from the plaintiff in the judgment.

"(c) That execution was duly issued and returned on said judgment within the year and on the 22nd day of February, 1936, an abstract of judgment was duly indexed and recorded in the Judgment Records of Walker County and indexes thereto.

"(d) That thereafter at the request of R. O. Wyatt an alias execution issued on said judgment to the Sheriff of Walker County, Texas, which was on the 13th day of November, 1937, levied upon the real estate in controversy and in pursuance of such levy an execution sale was held on the first Tuesday in December 1937, at which sale R. O. Wyatt became the purchaser by paying the amount of costs due the sheriff and crediting the balance of his bid on the judgment, and in pursuance of which sale the sheriff of Walker County executed and delivered to him a proper sheriff's deed to the land in controversy.

"(e) That on the 23rd day of March, 1929, George W. Dixon conveyed the land in controversy to Mrs. Cumire Bova, his sister, and which deed was not recorded

602

in the deed records of Walker County until the 18th day of November, 1937."

The record shows that Mrs. Bova was notified of the fact that notices of sheriff's sale under said levy had been posted and that she then, on November 18, 1937, five days after said execution lien had attached, had her deed to said land recorded in the deed records of Walker County, and that, prior to said execution sale, she notified the sheriff of Walker County that she had a superior title to said land.

Based on said deed from George W. Dixon to Mrs. Bova dated March 23, 1929, but not placed of record until after the levy of said writ of execution and the recording and indexing of said abstract of judgment, defendants contend that Mrs. Bova, having shown a senior title to said land from the common source, and having notified the sheriff of Walker County of her ownership of said land under said senior title prior to the sale of said land under execution, is entitled to have judgment rendered in her favor.

Neither of these contentions can be sustained.

 Article 6627, R.S.1925, provides that an unrecorded deed of conveyance to land "shall be void as to all creditors and subsequent purchasers * * * without notice." It is the settled law in this state that a judgment creditor who has fixed a lien upon real estate by judicial process and who has had an abstract of his judgment duly recorded in the judgment records and in the indexes thereto in the county in which said real estate is situated is a creditor within the meaning of said Article 6627. Henderson v. Odessa Building & Finance Co., Tex.Com.App., 24 S.W. 2d 393.

Further, the notice given by Mrs. Bova to the sheriff of Walker County did not affect the rights of the purchaser at said execution sale and was ineffective since both said abstract and execution liens were acquired prior to the date of the giving of such notice. Brinkman v. Tinkler, Tex.Civ.App., 117 S.W.2d 139; Ives v. Culton, Tex.Com.App., 229 S.W. 321.

Defendants contend that plaintiff did not establish his ownership of the judgment on which said execution sale was based. We have carefully considered the evidence pointed out in the briefs of the parties and have concluded that the trial court was justified in his finding that the judgment in cause No. 47568 "was duly transferred and assigned with all rights and liens securing same to plaintiff, R. O. Wyatt."

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.