367 P.2d 196

Betty McCLANAHAN, Appellant,

v.

James C. HAWKINS and Nola I. Hawkins, his wife, Appellees.

No. 6972.

Supreme Court of Arizona.

En Banc.

Dec. 13, 1961.

**140**

Hash & Bernstein, Phoenix, for appellant.

Snell & Wilmer and H. William Fox, Phoenix, for appellees.

JENNINGS, Justice.

The trial court granted summary judgment in favor of James C. Hawkins and Nola I. Hawkins, hereinafter called appellees, against Betty McClanahan, divorced wife of Alvis B. McClanahan, hereinafter called appellant, declaring that appellees were rightful owners of certain real property in Maricopa County, State of Arizona, conveyed to them by Alvis B. McClanahan.

The facts surrounding this litigation were as follows: On March 16, 1956 the Superior Court of the State of Arizona, Maricopa County, entered a decree of divorce whereby appellant, Betty McClanahan, was granted a divorce from Alvis B. McClanahan. One provision of the decree award-

ed the real property above-mentioned to Alvis B. McClanahan as his sole and separate estate. The decree also provided that he should make periodical payments to appellant for her support and the support of two minor children, and that he also should pay the sum of one hundred and fifty dollars as and for attorney's fees.

July 31, 1957, the decree of divorce was duly recorded. On October 8, 1957, McClanahan conveyed all of his right, title and interest in and to the real property to James C. Hawkins and Nola I. Hawkins. Three days later, October 11, 1957, McClanahan appeared in the Superior Court of Maricopa County in response to an order to show cause and was adjudged to be in arrears (1) in the payment of the attorney's fees, and (2) in the amount of $1,157 in support payments. On October 14, 1957, appellant caused a writ of execution to issue from the Superior Court of Maricopa County, and on October 17, 1957, said writ was levied against the property. Appellees thereupon instituted this action for a declaratory judgment that the decree of divorce be not a lien upon the real property.

Appellant contends that a judgment lien predicated upon her divorce existed by reason of the general lien statute, A.R.S. § 33–961, and § 33–964. She claimed that McClanahan could not alienate the property free and clear from such encumbrance. Appellees contended that the decree creat-

ed no such encumbrance. The pertinent parts of the statutes read as follows:

"§ 33–961 * * *

"B. An abstract of the judgment of a court, certified by the clerk, shall be filed and recorded in the office of the county recorder in each county where the judgment creditor desires the judgment to become a lien upon the real property of the judgment debtor before the judgment shall become a lien upon or in any manner affect or encumber the real property of the judgment debtor, or any part thereof. * * *"

"§ 33–964 * * *

"A. From and after the time of recording as provided in § 33–961, a judgment shall become a lien for a period of five years * * *."

If there be a judgment lien it must exist by virtue of statute. Such liens did not exist at common law. Tway v. Payne, 55 Ariz. 343, 101 P.2d 455. See also 2 Freeman on Judgments, § 916.

Not every judgment directing the payment of money can become a lien prior to the levy of an execution. In order that a judgment operate as a lien under a general judgment lien statute, it must be final and conclusive, and the amount due must be definite and certain. Hageman v. Pinska, 225 Mo.App. 521, 37 S.W.2d 463; See cases

under 30A Am.Jur., Judgments, § 483, p. 522; 49 C.J.S. Judgments § 458, p. 887.

The legislature in this state has given the court continuing jurisdiction to modify the portions of a divorce decree relating to payment of money for alimony or support or for the expenses of the proceedings. A. R.S. § 25–321. Hence, by express statutory declaration a divorce decree is not final and conclusive as to some of its terms and conditions, being continually subject to revision, alteration or amendment on petition of either party.

Nevertheless, this Court follows the majority of jurisdictions holding that such installments become vested when they become due. We have no power to modify the decree as to past-due installments. Cf. Crook v. Crook, 80 Ariz. 275, 296 P.2d 951, 58 A.L.R.2d 352; Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162; Adair v. Superior Court for State of Arizona in and for Maricopa County et al., 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328.

This immunity of accrued installments does not, however, change the inherent nature of the divorce decree, i. e., that the amount which ultimately may become due is uncertain, subject to the continuing court authority to augment or decrease the payments as changing conditions and needs of parties dictate. Without delving into the multifarious contingencies affecting amounts payable under divorce decrees we need merely mention a few events which ordinarily change or vacate orders for periodical payments and point up their inconclusive nature.[1]

In the instant case when the appellant recorded the divorce decree in an attempt to place a lien upon her divorced husband's real property, the decree was not final in the sense that the alimony and support payments could still be modified or terminated. In this respect it was not within the contemplation of the general judgment lien statute.

While some authority expresses the view that an alimony award should be regarded as damages for breach of the marriage contract, it is generally agreed that alimony is an award designed to provide for the support and maintenance of the wife and is founded on the natural and legal duty which marriage imposes. The following quotation in 17 Am.Jur. at page 663 summarizes this general view:

" * * * A decree for alimony, therefore, is not, strictly speaking, due and payable either as damages or as a penalty;. nor is it a debt in the strict legal sense of that term, but rather a

1. See generally, remarriage of the parties, 27A C.J.S. Divorce § 240c, page 1158; death of either party, 17 Am.Jur. 751, 752, Divorce and Separation, § 700, 701; child's emancipation, child's majority, child's death, etc., 27B C.J.S. Divorce § 323, p. 722; 17A Am.Jur. 50, Divorce and Separation, § 864.

judgment calling for the performance of a duty made specific by the decree of a court of competent jurisdiction. * * *"

This statement is also applicable to an order directing payment of child support.

The Arizona legislature has recognized the distinction between obligations and duties imposed by and under a decree of divorce and those imposed by an ordinary money judgment. Hence our statutes relating to the dissolution of marriage contain certain provisions stating the extent of the court's authority and discretion in entering a judgment for divorce, e. g., A.R.S. § 25–319 describes authority to make an allowance for alimony, support, and for costs of the proceedings, and A.R.S. § 25–318 dealing with divorce judgments provides for the settlement of all of the property rights of the parties to the actions. Section 25–318 reads in part as follows:

"* * * The court may impress a lien upon the separate property of either party to secure the payment of any interest or equity the other party has in or to such separate property, or any equity which arose in favor of either party out of their property during existence of the marriage relation, or to secure the payment of an allowance for support and maintenance of the wife or the minor children of the parties. The judgment shall specifically describe the real property affected which is located in this state.

"C. Any separate property of either party of which no disposition is made in the judgment shall remain the separate property of the party free of all claims of the other party."

This "divorce lien statute" gives the court power to make a divorce decree for alimony or support a lien on the separate property of the person ordered to pay. More recent in expression of legislative intent than the general judgment lien statute, this statute augments the general lien statute. However, under this statute the judgment must specifically describe the real property affected. If it does not, the separate property of either party remains free of all claims of the other party. This does not mean that in a divorce action the general judgment lien statute is superceded by the "divorce lien statute". Nor does a trial judge's discretionary refusal to apply the "divorce lien statute" forever foreclose the application of the general lien statute as a means to obtain past-due payments. On the contrary, if the trial judge in his discretion does not apply the "divorce lien statute" at the time of the divorce, subsequently as support and other payments accrue incident to the divorce proceedings, judgment may be had against the delinquent party and such recorded judgment then becomes a general lien on the real property of the judgment debtor.

Where no prior lien exists in the divorce decree none is created until the judgment for the accrued amounts is recorded, even though the court attempts to encumber the judgment debtor's property by a declaration contained in the judgment. With respect to jurisdictions which have held that a judgment lien exists to secure payment of accrued and past-due alimony or support allotments, the general view is that the lien does not arise automatically as to each installment as it becomes due, but arises only when the court has formally determined the total amount due and has reduced the delinquent payments to judgment. Robinson v. Robinson, 154 Fla. 464, 18 So.2d 29; Brun v. Rembert, 227 Ark. 241, 297 S.W.2d 940; Marshall v. Marshall, 164 Md. 107, 163 A. 874.

In the instant case the trial judge in his discretion did not apply the "divorce lien statute". Although the decree of divorce was duly recorded July 31st, 1957, there existed no formally determined past-due installments or delinquent payments of support money which could properly be reduced to judgment. The single determined amount due under the provisions of the divorce decree was the sum of one hundred and fifty dollars as and for attorney's fees. When McClanahan conveyed on October 8, 1957, all his right, title and interest in and to the real property in question to the appellees, he conveyed the property free and clear of all encumbrances except the determined attorney's fees.

Pursuant to the general lien statutes, supra, a judgment lien exists in the amount of one hundred and fifty dollars.

Accordingly, the judgment of the trial court is affirmed, as modified.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.