642 P.2d 881

**Ben C. ROWE, Plaintiff-Appellant,**

v.

**Arthur C. SCHULTZ, Jr., aka Marvin Standsberry, Defendant-Appellee.**

**No. 1 CA–CIV 5190.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 2, 1982.

Rehearing Denied Feb. 24, 1982.

Review Denied March 9, 1982.

Rolle, Jones, Benton & Cole by Larry W. Suciu, Yuma, for plaintiff-appellant.

Westover, Choules, Shadle & Bowen, P.C. by Ted B. Bowen, Yuma, for defendant-appellee.

OPINION

McFATE, Judge (Retired).

Ben C. Rowe brought this action to quiet title to certain land located in Yuma Coun-

ty. The Yuma County Superior Court granted defendant Arthur C. Schultz, Jr. a summary judgment and Rowe appealed. We have jurisdiction over this matter pursuant to A.R.S. §§ 12–120.21(A) and 12–2101(B).

The facts material to a resolution of this case are undisputed. On April 12, 1978, Rowe obtained a quitclaim deed to the land in question from the owners, Mr. and Mrs. Michael Peregoy. However, Rowe did not record his deed until May 18, 1978, some five weeks later. During the interim, on May 12, 1978, Schultz obtained a money judgment against Peregoy on an apparently unrelated cause of action and recorded an abstract of judgment the very same day. There is no contention that Rowe was other than a good faith purchaser for value without notice of Schultz's claim. The sole issue on appeal is whether the recording of the abstract of judgment created a lien against the land which Peregoy had previously conveyed to Rowe. We hold that it did and affirm the trial court's summary judgment.

■ When reviewing summary judgment, it is clear that this court must consider the facts in a light most favorable to appellants. The benefit of all inferences reasonably drawn from those facts must be given to the party against whom judgment was entered. *Arizona Public Service Co. v. Town of Paradise Valley*, 125 Ariz. 447, 610 P.2d 449 (1980); *Wisener v. State*, 123 Ariz. 148, 598 P.2d 511 (1979); *Northern Contracting Co. v. Allis-Chalmers Corp.*, 117 Ariz. 374, 573 P.2d 65 (1977). Rowe challenges the trial court's conclusion that, under the given facts, Arizona's judgment lien statute operates in favor of a judgment creditor to reach his debtor's real property sold in an unrecorded transaction prior to perfection of the lien.

The applicable lien statute, A.R.S. § 33–964(A), provides in pertinent part that: from and after the time of recording . . . a judgment shall become a lien for a period of five years from the date it is given, upon all real property of the judgment debtor except real property exempt from execution, including the interest in the homestead, . . . whether the property is then owned by the judgment debtor or is later acquired.

In order to determine the respective interests of Peregoy, Rowe and Schultz in the land when Schultz perfected his judgment lien we must consult Arizona's recording statute. The relevant portions of A.R.S. § 33–412 (emphasis added) provide that:

A. All bargains, sales and other conveyances whatever of lands, tenements and hereditaments . . . *shall be void as to creditors* and subsequent purchasers for valuable consideration without notice, unless they are acknowledged and recorded in the office of the county recorder as required by law . . . .

B. Such unrecorded instruments, as between the parties and their heirs, and as to all subsequent purchasers with notice thereof, or without valuable consideration, shall be valid and binding.

■ The two statutes must be considered together and each given effect, if possible. If, under the provisions of A.R.S. § 33–412(B), Peregoy effectively divested himself of ownership before Schultz recorded his abstract of judgment, then the land was not "real property of the judgment debtor" under A.R.S. § 33–964(A) and the lien did not attach. On the other hand, if failure to record the deed prior to perfection of the lien rendered it void as to creditors, including Schultz, then the lien attached to the land as though no conveyance had been made.

Rowe contends that since A.R.S. § 33–412(B) validates an unrecorded conveyance as between the parties to a transaction, Peregoy no longer actually owned the land when Schultz's lien was perfected. As liens authorized under A.R.S. § 33–964 attach only to property of the debtor owned *at the time or acquired after* an abstract of judgment is recorded, Rowe therefore urges that title passed to him by the conveyance and that Schultz's lien cannot apply to land not owned by the judgment debtor when the abstract was first recorded. We do not agree.

At early common law there was no lien on real estate and a creditor had no remedy against his debtor's land. 49 C.J.S. *Judgments* § 454, at 884 (1947); *McClanahan v. Hawkins*, 90 Ariz. 139, 367 P.2d 196 (1961); *Curtis Mfg. Co. v. Barela*, 76 N.M. 392, 415 P.2d 361 (1966). Absent a recording statute such as A.R.S. § 33–412(A), it is true that:

> Where the judgment debtor conveys his realty before judgment is rendered against him, the judgment is not a lien on the realty conveyed . . . [because] as between the parties to it the conveyance is valid, and no interest, legal or equitable, remains in the grantor upon which the lien can rest.

10A G. Thompson on Real Property § 5308, at 662 (1957) (footnote omitted).

■ Judgment liens are derived from statutes which create them. *McClanahan v. Hawkins*, 90 Ariz. 139, 367 P.2d 196 (1961). Unless otherwise provided by statute, a judgment lien is subordinate to prior conveyances even where these are not recorded. However, statutes may expressly or by implication require recording of such conveyances if their priority is to be maintained. *See* 49 C.J.S. *Judgments* § 485, at 929 (1947) and cases there cited.

Appellant has cited and relies on *Luhrs v. Hancock*, 181 U.S. 567, 21 S.Ct. 726, 45 L.Ed. 1005 (1901), which was an appeal from a decision of the Supreme Court of the Territory of Arizona. *See* 6 Ariz. 340, 57 P. 605 (1899). In that case it appeared that Hancock, a debtor of Luhrs, conveyed the subject homestead property to his wife as her sole property by a deed held to be valid as between the parties. Thereafter Luhrs recovered a judgment against Hancock. A few days later Hancock and his wife joined in executing a mortgage on the same property to a third party to secure a loan. Luhrs then levied execution against the property of Hancock and bought the property at sheriff's sale. About two years later, one Pemberton purchased the proper-

ty at a sheriff's sale on foreclosure of the mortgage. The United States Supreme Court held that the judgment could not prevail against the purchaser at the mortgage foreclosure sale unless it became a lien upon the land; that the legal title to the land having passed from the debtor before judgment was rendered, by a deed valid between him and his grantee, no lien could attach thereto.[1]

*Luhrs* did not involve a statutory provision such as A.R.S. § 33–412. Indeed, that opinion makes no reference to any recording or judgment lien statute. However, the basic circumstance which compelled the court to rule in favor of the purchaser who deraigned title from Hancock's wife, the grantee under Hancock's deed, was the validity of that deed as between the parties thereto.

Appellant contends that since A.R.S. § 33–412(B) declares an unrecorded deed to be valid as between the parties thereto, the conclusion follows with even greater logical certainty that a grantee in a prior unrecorded deed which is by statute declared valid as between the parties prevails over a creditor who subsequently perfects a judgment lien. To strengthen his argument appellant cites the Oregon cases of *Wilson v. Willamette Industries, Inc.*, 280 Or. 45, 569 P.2d 609 (1977) and *Thompson v. Hendricks*, 118 Or. 39, 245 P. 724 (1926), wherein under statutes quite similar to the Arizona statutes (§§ 33–412 and 33–964(A)) it was held that a judgment creditor could not subject property of an innocent purchaser for value to his judgment lien where the debtor had previously conveyed the property to such purchaser by an unrecorded deed. The court noted that the deed was valid as between the parties and the lien attached only to the debtor's actual interest in the property. The court reasoned that by merely docketing his judgment, a judgment creditor parts with nothing and does not become entitled to have the property of an

---

1. The basis of the Arizona Supreme Court decision was that the conveyance of a homestead was free from creditor's claims, but the United States Supreme Court held that in view of the absence of title in the judgment debtor the status of the land as a homestead became unimportant.

innocent purchaser for value applied in satisfaction of a debt he does not owe, especially when the judgment lien is limited to property "then owned by the debtor." This argument deserves careful consideration.

On analysis, it is obvious that the rationale of the Oregon cases assumes the validity of the unrecorded conveyance not only as between the parties, but in respect to the creditor, and ignores the impact of the Oregon recording statute (similar to A.R.S. § 33–412(A)) which declares the conveyance void as to creditors. The holdings imply that an unrecorded conveyance "good as between the parties" cannot be void as to a creditor of the transferor. But that is precisely the opposite of what the statute provides. The judgment in the case *sub judice* established the creditor-debtor relationship between Schultz and Peregoy. As to Schultz, section 33–412(A) voids the unrecorded conveyance. This left Peregoy and Rowe in the same situation as though no conveyance had been made. Accordingly, as between Schultz and Peregoy, the latter still owned the property and Rowe acquired no interest therein which could be asserted against Schultz. *Cf. Neal v. Hunt,* 112 Ariz. 307, 541 P.2d 559 (1975) (unrecorded agreement between a prior owner and his vendee held not to be binding upon a subsequent purchaser for valuable consideration without notice).

Our recording statute was adopted from Texas. *Phoenix Title & Trust Co. v. Old Dominion Co.,* 31 Ariz. 324, 253 P. 435 (1927). In that jurisdiction (although we do not find a judgment lien statute similar to A.R.S. § 33–964) the courts have held that a judgment lien takes precedence over an unrecorded prior conveyance by the judgment debtor under the express terms of the Texas recording statute. *McDonald v. Powell Lumber Co.,* 243 S.W.2d 192 (Tex.Civ.App.1951). In *McDonald* the court held:

"The statute, in plain and unmistakable language, says that unrecorded conveyances, ... are void as to two classes of persons, viz., all creditors and subsequent purchasers for valuable consideration and

without notice.... [W]hile such instruments are void as to all creditors, they are only (void) as to purchasers 'for a valuable consideration and without notice' .... [A] judgment creditor who has fixed a lien upon real estate ... by abstracting a judgment is a creditor ... and the judgment lien takes precedence over a prior unrecorded deed ... unless the judgment creditor has notice thereof. The burden of proof is on the unrecorded deed...."

*Id.* at 195. *See Bova v. Wyatt,* 140 S.W.2d 601 (Tex.Civ.App.1940); *Diltz v. Dodson,* 207 S.W. 356 (Tex.Civ.App.1918); Olds, *Judgment Liens in Texas,* 5 Hous.L.Rev. 664, 679 (1968).

We recognize that the statutory construction herein adopted may, in some instances, cause untoward hardship on innocent purchasers for value who do not record their deeds. However, where the language of a statute is clear in its meaning and no impossibility or absurdity results, courts must give effect to the plain import thereof even if "the result may be harsh, unjust or mistaken policy." *Members of Bd. of Educ. v. Leslie,* 112 Ariz. 463, 465, 543 P.2d 775, 777 (1975).

In defining the relative rights of creditors, lien claimants and innocent purchasers for value, the legislature occupies an unenviable position. Some unfair or harsh results will surely attend any attempt to classify the diverse factual situations which constantly arise. We surmise that the factors which long ago prompted our legislature to enact the recording statutes here involved were the desirability of encouraging recording and penalizing non-recording of property interests for the protection of all persons involved, including the public interest to be served in deterring debtors from antedating deeds to friendly third parties in order to circumvent the liens of their judgment creditors.

Our interpretation of the statutory provisions is consonant with the view taken by the trial court. Accordingly, the grant of summary judgment is affirmed.

JACOBSON, P. J., and WREN, C. J., concur.

540

NOTE: The Honorable YALE McFATE, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 20.