**In re Regina Marie SELLNER, Debtor.**

**Regina Marie SELLNER, Plaintiff,**

v.

**Charles SELLNER and United States of America, Defendants.**

**Bankruptcy No. B–87–7881–PHX–GBN.**
**Adv. No. 88–253–GBN.**

United States Bankruptcy Court,
D. Arizona.

Jan. 19, 1989.

Richard G. Patrick, Asst. U.S. Atty., Phoenix, Ariz., for U.S.

Lester L. Penterman, Scottsdale, Ariz., for plaintiff.

Albert M. Rau, Phoenix, Ariz., Trustee.

## ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

### I

This matter arises on undisputed facts. Regina Marie Sellner ("debtor") and her former spouse, Charles Sellner, owned real property located in Glendale, Arizona, in joint tenancy with right of survivorship. The Sellners separated and a divorce suit was filed in Maricopa County Superior Court.

On August 10, 1987, a judgment and decree of dissolution which, *inter alia,* awarded the realty to debtor, was entered. Although debtor asserts the August divorce decree was recorded, she fails to specify the date, nor does she argue that recordation occurred prior to September 30, 1987, the date the Internal Revenue Service ("Service") recorded a lien against Charles Sellner for his separate tax liability. Docket 16, Affidavit at 1–2. Debtor had been filing separate tax returns since 1984.

In apparent compliance with the divorce decree, Sellner executed a quitclaim deed of his interest in the property to debtor on October 6, 1987, which was recorded on October 30, 1987. Docket 18 at Attachment A. Debtor filed a declaration of

homestead on the residence on November 2, 1987, pursuant to state law. A.R.S. § 33–1101, *et seq.* (1988 Supp.). Shortly thereafter, she filed a voluntary Chapter 13 bankruptcy case. On April 28, 1988, debtor instituted this adversary proceeding against the former spouse and the Government, seeking to have the secured tax claim held inapplicable to her interests in the residence.[1]

With Court approval, the property has been sold and the standing trustee is holding $9,967.15 in sale proceeds pending resolution of this dispute through plaintiff-debtor's motion for summary judgment.

## II

The first matter to be determined is whether delinquent taxpayer Charles Sellner had any interest in the subject realty on September 30, 1987, when the Service recorded its notice of federal tax lien against "all property and rights to property" belonging to him. *See* 26 U.S.C. § 6321.

State law is incorporated for the limited purpose of determining whether the taxpayer's interest is "property" or "rights to property" to which the lien can attach. *United States v. Mitchell,* 403 U.S. 190, 197, 91 S.Ct. 1763, 1768, 29 L.Ed.2d 406 (1971). (Under Louisiana community property law, wife's interest is sufficiently vested and substantial to be liable for federal tax, notwithstanding her subsequent renunciation of community rights.)

■ Under Arizona law, the unrecorded August 10, 1987 judgment and dissolution decree is binding on the parties and subsequent purchasers with notice. A.R.S. § 33–412 B. It is a void conveyance, however, as against creditors and subsequent purchasers without notice. A.R.S. § 33–412 A; *Rowe v. Schultz,* 131 Ariz. 536, 537–39, 642 P.2d 881, 882–84 (App. 1982) (judgment lien attaches and prevails over prior unrecorded quitclaim deed).

The second conveyance document, Charles Sellner's quitclaim deed to Mrs. Sellner, was neither executed nor recorded until well after recordation of the tax lien.

Accordingly, regardless of the validity of the decree and quitclaim deed as between the spouses, under applicable Arizona law they are not valid conveyances of the taxpayer's property as to intervening secured creditors such as the Service. Therefore, the tax lien properly attached.

## III

The second issue concerns whether subsequent recordation of an Arizona homestead invalidates this lien.

State homestead property is not considered exempt from levy under the Federal Tax Code. 26 U.S.C. § 6334(a), (c) (1988 Supp.).

■ There is no automatic exemption of property from federal levy simply because it may be exempt under state law. *Mitchell, supra.* 403 U.S. at 204–05, 91 S.Ct. at 1771–72; *United States v. Overman,* 424 F.2d 1142, 1145 (9th Cir.1970), citing *United States v. Heffron,* 158 F.2d 657 (9th Cir.), *cert. denied,* 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845 (1947).

■ Finally, this is not a case where debtor argues that the effect of the subsequent homestead declaration is to create an immediate transfer of a presently-existing property interest, which invalidates the prior lien. *Shaw v. United States,* 331 F.2d 493, 497 (9th Cir.1964) (federal tax lien held valid against California homestead). *But cf. United States v. Rogers,* 649 F.2d 1117, 1125–28 (5th Cir.1981) (subsequent tax lien ineffective against prior Texas homestead).

Accordingly, subsequent declaration of the homestead is ineffective as to the Service's tax lien in this case.

## IV

Although only the plaintiff-debtor filed moving papers seeking summary judgment,

---

**1.** Although phrased in terms of a complaint to determine dischargeability of a debt, 11 U.S.C. § 523, it appears debtor in reality seeks determination of the validity, priority or extent of the tax lien. Rule 7001(2), *F.Bk.R.*

**154**

Docket Nos. 16, 17, the Government's response agreed there was no dispute of material fact, requested entry of judgment as a matter of law, and was supported by the requisite separate statement of facts. Docket Nos. 18, 19 at p. 5. *See* Local District Rule 11(L)(1); Local Bankruptcy Rule 9033. It appearing from the pleadings that there is no genuine issue of material fact, and the defending party is entitled to judgment as a matter of law, the government's papers will be deemed a cross-motion for summary judgment and granted.

The Government is directed to lodge and serve a proposed judgment. In shaping the judgment, state law will define the interest to which the lien attaches. *Overman, supra,* 424 F.2d at 1146.

Given the ineffective transfer as to the federal creditor, each spouse would appear to own an undivided half interest in the parcel or its proceeds. *In re Ackerman,* 424 F.2d 1148, 1150 (9th Cir.1970). It further appears:

> The Government cannot claim from the proceeds of sale more than that share of the proceeds attributable to the taxpayer's half of the community interest in the asset. It cannot reach the proceeds attributable to the wife's interest. Her interest was not subject to attachment for her husband's ... tax debt, and the Government's right to share in the proceeds of sale does not exceed the taxpayer's interest·in the property subjected to the lien.

(Citation omitted). *Overman, supra,* 424 F.2d at 1146; *Ackerman,* 424 F.2d at 1150.

Unless a consensual judgment has been entered in this proceeding, the litigants will appear for a status hearing on March 9, 1989, at 9:30 a.m., in Hearing Room No. 2, Fifth Floor, United States Courthouse, 230 North First Avenue, Phoenix, Arizona.