**In re Sidney Garner JONES, Jr., d/b/a Real Estate Development, Debtor.**

**Sidney G. JONES, Sr., Plaintiff,**

**v.**

**SOUTHTRUST BANK OF PIEDMONT, N.A., Successor to First National Bank, Jacobs Bank, and Sanford Brothers Dozer Work and Clearing, Defendants.**

**Bankruptcy No. 90–13725.**
**AP No. 90–0865.**

United States Bankruptcy Court, N.D. Alabama.

June 7, 1991.

Harry P. Long, Anniston, Ala., for plaintiff.

Richard Cater, Anniston, Ala., Gerald Paulk, Scottsboro, Ala., and William D. Hawkins, Centre, Ala., for defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF
LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case is pending before this Court under title 11, United States

Code, chapter 11 having been commenced in this Court by a voluntary petition filed on July 25, 1990. The above-styled adversary proceeding was commenced on behalf of the debtor, Sidney G. Jones (hereinafter, "Jones"), by a complaint filed in said case on August 27, 1990. The Jones' complaint prays for the Court's determination as to the right, title and interest, if any, of the defendants in or to certain real property owned by Jones. He filed a motion for summary judgment against defendants Sanford Brothers Dozer Work Grading and Clearing (hereinafter, Sanford Brothers") and Jacobs Bank. Although Sanford Brothers and Jacobs Bank purported to hold valid liens against certain real property of Jones, he contends that both liens contain critical flaws and, thus, they have nothing more than unsecured claims.

Because the controversy regarding Sanford Brothers and Jacobs Bank involves separate sets of facts, the court will set forth the facts and conclusions separately as to each defendant. The dispute in this adversary proceeding centers around two parcels situated in Cherokee County, Alabama, and Jackson County, Alabama. The facts are not in dispute concerning the transaction between Jones and Sanford Brothers and may be summarized as follows:

### FINDINGS OF FACT AS TO THE TRANSACTION BETWEEN JONES AND SANFORD BROTHERS

1. As to the controversy with Sanford Brothers, Jones contracted with Sanford Brothers for the latter to perform some dozer and grading work on approximately fifteen acres of Jones land in Cherokee County, Alabama. The date of the agreement between Jones and Sanford Brothers is unknown, but Sanford Brothers performed the last item of work on May 16, 1989. Sanford Brothers worked approximately 105 hours at $65.00 per hour for a total owed by Jones in the amount of $6,825.00. Jones apparently has paid no money toward this debt.

2. Sanford Brothers filed a verified statement of lien on September 15, 1989.

The verified statement of lien was recorded at the Office of the Judge of Probate of Cherokee County, Alabama, in mechanics lien book "B" at page 87. Said lien statement is attached to these findings as exhibit "A" and is a part hereof.

3. Sanford Brothers initiated a civil action in the Circuit Court of Cherokee County, Alabama, regarding the debt and Jones' failure to pay the debt.

4. Counsel for Sanford Brothers, by stipulation at the hearing on the motion for summary judgment and by letter to the Court, dated April 10, 1991, conceded that Sanford Brothers had a lien on the debtor's property only to the extent of a certain 15 acres included in one of the tracts which was described in the verified statement of lien as follows: "All that part of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼) lying South of the State Highway;"

5. For purposes of this motion, the debtor concedes that Sanford Brothers performed grading work on certain property of the debtor at the debtor's request and that the work constituted an improvement to the property.

### CONCLUSIONS BY THE COURT REGARDING THE LIEN OF SANFORD BROTHERS

■ Sanford Brothers' lien is declared by section 35–11–210, Code of Alabama (1975), but this matter appears to be determined by the provisions of section 35–11–213, Code of Alabama (1975), which provides that the lien declared in section 35–11–210, Code of Alabama (1975), "shall be lost," unless a verified statement of the lien is filed in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated. Section 35–11–213 further provides that the verified statement of lien shall contain "a description of the property on which the lien is claimed in such a manner that same may be located or identified,...." *Id.*

The verified statement of lien (exhibit "A"), upon which Sanford Brothers's alleged lien must stand or fall, does not meet

the statutory requirement for "a description of the property on which the lien is claimed," because of the grossly and overly-broad description of the property on which the lien is claimed, which, if upheld, would defeat the statute's requirement that the property be described "in such a manner that same may be located or identified." It is obvious to the Court that the fifteen acres on which the lien is claimed cannot be located or identified from the description of the property which the lien claimant chose for its verified statement of lien. The statute not being complied with, the lien, as the statute provides, was "lost." See § 35–11–215, Code of Alabama (1975).

## FINDINGS OF FACT AS TO THE LIEN OF JACOBS BANK

1. On October 18, 1986, Jones and Jacobs bank entered into some sort of financial transaction whereby Jones executed a note in favor of Jacobs Bank with the principal amount of the indebtedness totaling $20,009.00.

2. The defendant defaulted on the note and Jacobs Bank instituted proceedings in the Circuit Court of Jackson County, Alabama (hereinafter, "state court"), to recover said amount.

3. On May 4, 1988, the state court entered summary judgment in favor of Jacobs Bank in the amount of $24,490.88, plus costs, and retained jurisdiction to determine a reasonable attorney fee.

4. On June 22, 1988, the state court amended its previous judgment and awarded attorney's fees in the amount of $3600.00. The circuit court also entered judgment in favor of Jacobs Bank by granting immediate possession to certain personal property.

5. On July 5, 1988, Jacobs Bank recorded certificates of this judgment in the respective probate courts of Jackson County and Cherokee County, Alabama.

6. On February 24, 1989, the state court "vacated and set aside" the previous judgment, as amended.

7. On March 25, 1989, after allowing "re-submission" of the motion, the state court granted Jacobs Bank motion for summary judgment and awarded the sum of $24,710.64, plus attorneys' fees in the amount of $3,706.60, together with costs. The court also awarded the bank possession of certain personal property of Sidney Jones.

8. Jacobs Bank did not thereafter record a certificate of the second judgment.

## CONCLUSIONS BY THE COURT REGARDING THE LIEN OF JACOBS BANK

■ The issue presented by the above-cited facts is whether the certificate of the first judgment (subsequently vacated and set aside), recorded in Jackson County and Cherokee County, Alabama, respectively, accorded Jacobs Bank a judgment lien on Jones' property located in those counties. Stated conversely, whether the failure of Jacobs Bank to file a certificate of judgment, as to the second judgment, rendered the bank an unsecured creditor?

In deciding the issue, this Court looks to the relevant Alabama state law regarding judgment liens. This is set out in sections 6–9–210 and 6–9–211 of the Code of Alabama (1975). Section 6–9–210 states that "[t]he owner of any judgment entered in any court of this state ... may file in the office of the judge of probate ... a certificate of the clerk ... of the court by which the judgment was entered...." *Id.* Section 6–9–211 states that "[e]very judgment, a certificate of which has been filed ... shall be a lien in the county where filed on all property of the defendant...." *Id.*

It is obvious to the court that the judgment lien statutes have not been complied with, because the statement of the court clerk which was filed for record was issued pursuant to the last judgment which was vacated and which, upon its being vacated, became a nullity or no judgment. After entry by the state court of the last judgment against the debtor upon which any claim of a lien by the bank must rest, no certificate of such judgment by the court

clerk was filed for record, and, thus, no lien against property of the debtor was created.

While it may be said that the certificate filed for record in the probate judge's office might put on notice the debtor's potential creditors, mortgagees, or grantees that the bank had a judgment (later-entered) against the debtor, actual inquiry would have revealed that the bank did not have a lien upon property of the debtor because of the omission to file for record a certificate of the actual judgment then held by the creditor. "The statute, being in derogation of the common law, must be strictly construed by [one] who desires its protection." *Morris v. Waldrop*, 213 Ala. 435, 438–39, 105 So. 172, 176 (1925); *see also Miles v. Gay*, 280 Ala. 131, 139, 190 So.2d 686, 694 (1966) ("... the lien does not arise automatically ..., but arises only when the court has formally determined the total amount due and has reduced the delinquent payments to judgment." (quoting *McClanahan v. Hawkins*, 90 Ariz. 139, 144, 367 P.2d 196, 199 (1961))); *Peterson v. Drennen Motor Car Co.*, 256 Ala. 99, 53 So.2d 375 (1951);

## CONCLUSION

The plaintiff's motion is due to be granted as to the defendants Sanford Brothers Dozer Work Grading and Clearing, and Jacobs Bank.

## EXHIBIT "A"

## STATEMENT OF LIEN

State of Alabama,

Cherokee County.

Sanford Brothers Dozer Work Grading and Clearing, files this statement in writing, verified by the oath of Tom Sanford, who has personal knowledge of the facts herein set forth:

That said Sanford Brothers Dozer Work Grading and Clearing files a lien upon the following property situated in Cherokee County, Alabama, to-wit:

The Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼), less and except fifteen (15) acres in the Northwest corner thereof, such excepted portion lying North of the State Highway, and fronts along said State Highway for approximately 985 feet; also

Five (5) acres in the Northeast corner of the Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) and ten (10) acres in the Northwest corner of the Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼); also

All that part of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) lying South of the State Highway; also

All that part of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼) lying South of the State Highway; also

All that part of the Southeast Quarter (SE ¼) of the Northwest (NW ¼) lying South of the State Highway.

All said lands being in Section Twenty-five (25), Township Twelve (12) South, Range Eleven (11) East and contain 102.5 acres, more or less, and are lying and being situated in Cherokee County, Alabama.

Said lands being located and situated in Cherokee County, Alabama.

This lien is claimed, separately and severally, as to both the buildings and improvements thereon, and the said land.

That said lien is claimed to secure an indebtedness of $6,825.00 with interest, from to-wit 16th day May, 1989, for dozer and grading work and labor furnished for improvements made upon said lands.

The name of the owner or proprietor of the said property is Sidney G. Jones.

SANFORD BROTHERS DOZER WORK GRADING AND CLEARING

BY /s/ Tom Sanford

Tom Sanford, Claimant

It's Representative

Before me, the undersigned, a Notary Public in and for the County of Cherokee, State of Alabama, personally appeared Tom Sanford, who being duly sworn, doth depose and say: That he has personal knowledge of the facts set forth in the foregoing statement of lien, and that the same are

true and correct to the best of his knowledge and belief.

/s/ Tom Sanford
Tom Sanford, Affiant

Subscribed and sworn to before me on this the 15th day of September, 1989.

/s/ Nellie Jo Lockridge
Notary Public