IN THE

# ARIZONA COURT OF APPEALS
### DIVISION TWO

_____

CECELIA M. LEWIS AND RANDALL LEWIS,
A MARRIED COUPLE,
*Plaintiffs/Appellants,*


*v.*


RAY C. DEBORD AND ANNE NELSON-DEBORD,
HUSBAND AND WIFE,
*Defendants/Appellees.*

No. 2 CA-CV 2014-0004
Filed October 6, 2014

_____

Appeal from the Superior Court in Pima County
No. C20125400
The Honorable Gus Aragón, Judge

**AFFIRMED**

_____

COUNSEL

Slutes, Sakrison & Rogers, P.C., Tucson
By James M. Sakrison and Diana L. Kanon-Ustariz
and
Decker Holland, Snowflake
By Joseph E. Holland
*Counsel for Plaintiffs/Appellants*

Gust Rosenfeld P.L.C., Phoenix
By Scott A. Malm and Justin M. Scorza
*Counsel for Defendants/Appellees*

**OPINION**

Judge Vásquez authored the opinion of the Court, in which Judge Howard and Judge Miller concurred.

V Á S Q U E Z, Judge:

¶1        In this appeal, Cecelia and Randall Lewis challenge the trial court's summary judgment in favor of appellees Ray Debord and Anne Nelson-Debord in the Lewises' action to foreclose a judgment lien against the Debords' property.[1]  The court found that, because the Lewises failed to comply with A.R.S. § 33-967(A), they did not have a valid judgment lien against the property.  For the reasons that follow, we affirm.

## Factual and Procedural Background

¶2        In reviewing a trial court's grant of summary judgment, we view the facts in the light most favorable to the party opposing entry of the judgment.  *Gorman v. Pima County*, 230 Ariz. 506, ¶ 2, 287 P.3d 800, 801 (App. 2012).  The relevant facts are undisputed.  In June 2003, the Lewises obtained a default money judgment against Karen MacKean and Fred Foust.  Intending to create a lien against real property, the Lewises recorded the judgment in January 2006 in Pima County.  They renewed the judgment lien in June 2008.  Neither the judgment recorded in 2006 nor the renewal recorded in 2008 was accompanied by a separate information statement as required by § 33-967(A).[2]

¶3        In March 2008, MacKean purchased real property in Pima County.  She then transferred the property to Sonomex, LLC, for which Foust is the statutory agent.  In July 2012, the Debords purchased the property from Sonomex.

---

[1]Randall passed away during the pendency of this appeal.

[2]The Lewises did not record an information statement until August 2013.

**¶4**          In August 2012, the Lewises sought judicial foreclosure of the lien or execution of the judgment, naming MacKean, Sonomex, and the Debords as defendants.  The Debords moved for summary judgment, arguing that the Lewises' "failure to record a separate information statement with the Judgment and the Renewal . . . render[ed] their alleged judgment lien invalid and unenforceable against the Property."  In response, the Lewises maintained that "the failure to record an information sheet of this kind does not affect the validity of the judgment lien, only the priority afforded to the judgment lien."  After hearing argument, the trial court entered summary judgment in favor of the Debords.[3]  This appeal followed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).[4]

---

[3]After the trial court entered the final judgment, it issued an in-chambers ruling suggesting it had done so "prematurely" and setting a status conference on the matter.  However, the Lewises filed their notice of appeal before the status conference.  We therefore suspended the appeal pursuant to Rule 9.1, Ariz. R. Civ. App. P., to allow the court to consider whether the judgment was indeed final.  The court ordered that its prior judgment "shall remain in full force and effect," and we reinstated the appeal.

[4]Generally, our jurisdiction "is limited to final judgments which dispose of all claims and all parties."  *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981).  However, Rule 54(b), Ariz. R. Civ. P., "allows a trial court to certify finality to a judgment which disposes of one or more, but not all, of the multiple claims, if the court determines that there is no just reason for delay and directs the entry of judgment."  *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991).  Here, although the judgment resolves only the Lewises' claim against the Debords, and the Debords' request for attorney fees is still pending, it nevertheless contains language pursuant to Rule 54(b).  We therefore review the entry of summary judgment in favor of the Debords.

## Discussion

**¶5**      The Lewises argue "[t]he trial court erred in finding that the lack of a timely information statement voided an otherwise valid money judgment lien" and consequently its entry of summary judgment in favor of the Debords was improper.  We review a grant of summary judgment de novo, determining whether any genuine issues of material fact exist and whether the trial court properly applied the law.  *Ochser v. Funk*, 228 Ariz. 365, ¶ 11, 266 P.3d 1061, 1065 (2011).  We will affirm a grant of summary judgment if it is correct for any legal reason.  *Pi'Ikea, LLC v. Williamson*, 234 Ariz. 284, n.7, 321 P.3d 449, 454 n.7 (App. 2014).  We also review de novo issues of statutory interpretation.  *Miller v. Hehlen*, 209 Ariz. 462, ¶ 5, 104 P.3d 193, 196 (App. 2005).

**¶6**      "Our primary task in interpreting statutes is to give effect to the intent of the legislature."  *In re Estate of Winn*, 214 Ariz. 149, ¶ 8, 150 P.3d 236, 238 (2007).  We look first to the plain language of the statute as the best indicator of that intent and give effect to the terms according to their commonly accepted meanings.  *Sierra Tucson, Inc. v. Pima County*, 178 Ariz. 215, 220, 871 P.2d 762, 767 (App. 1994).  When the language is clear and unambiguous, we look no further and apply it as written.  *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 6, 181 P.3d 219, 225 (App. 2008).  But if the language is unclear or ambiguous, we resort to other methods of statutory interpretation, including:  the statute's context; spirit and purpose; subject matter and historical background; and effects and consequences.  *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, ¶ 3, 150 P.3d 773, 774 (App. 2007).

**¶7**      Judgment liens are creations of statute, *Rowe v. Schultz*, 131 Ariz. 536, 538, 642 P.2d 881, 883 (App. 1982), and thus require strict statutory compliance, *Sysco Ariz., Inc. v. Hoskins*, 235 Ariz. 164, ¶ 8, 330 P.3d 354, 355-56 (App. 2014).  We therefore begin our analysis with A.R.S. § 33-961(A), which sets forth the process for creating a judgment lien:

> A copy of the judgment of a court, certified by the clerk, shall be filed and recorded in the office of the county

recorder in each county where the judgment creditor desires the judgment to become a lien upon the real property of the judgment debtor before the judgment shall become a lien upon or in any manner affect or encumber the real property of the judgment debtor, or any part of the real property of the judgment debtor.

The certified copy of the judgment must identify: the court, the action, and the cause number; the date the judgment and the docket record were entered; the names of the judgment debtor and judgment creditor; the amount of the judgment; and the name of the judgment creditor's attorney. § 33-961(A)(1)-(5).

**¶8**        Once a judgment has been recorded pursuant to § 33-961(A), "the judgment creditor may satisfy the judgment by executing on any real property" that is then owned or later acquired by the judgment debtor. *Byers v. Wik*, 169 Ariz. 215, 218-19, 818 P.2d 200, 203-04 (App. 1991); *Sysco Ariz.*, 235 Ariz. 164, ¶ 6, 330 P.3d at 355; *see also* A.R.S. § 33-964(A). "The general rule is that once a judgment lien has attached to the land, it remains until legally removed." *Freeman v. Wintroath Pumps-Div. of Worthington Corp.*, 13 Ariz. App. 182, 184, 475 P.2d 274, 276 (1970).

**¶9**        Despite the existence of a judgment lien, the judgment debtor retains "full power to sell . . . or otherwise dispose of" his or her real property. *Id.* However, any subsequent purchaser who has notice of the judgment lien takes the property subject to it. *Sysco Ariz.*, 235 Ariz. 164, ¶ 6, 330 P.3d at 355; *Warren v. Whitehall Income Fund 86*, 170 Ariz. 241, 243-44, 823 P.2d 689, 691-92 (App. 1991); *see also Delo v. GMAC Mortg., L.L.C.*, 232 Ariz. 133, ¶ 18, 302 P.3d 658, 663 (App. 2013) (purchaser has constructive notice of recorded documents). Thus, the purpose of § 33-961(A) is to give notice of the judgment lien to subsequent purchasers and others who may deal with the judgment debtor's real property. *Freeman*, 13 Ariz. App. at 184, 475 P.2d at 276.

**¶10**        In 1996, our legislature amended the judgment-lien statutes to require a judgment creditor to attach an information

statement to the recorded judgment. *See* 1996 Ariz. Sess. Laws, ch. 289, §§ 5, 7. Section 33-961(C) now provides that "[a] judgment or decree or any renewal that requires payment of money shall also be accompanied by an information statement as prescribed by § 33-967." And, § 33-967(A) states:

> In addition to the requirements prescribed by § 33-961, any judgment or decree or any renewal that requires the payment of money and that is recorded on or after January 1, 1997, shall be attached to a separate information statement of the judgment creditor that contains all of the following information:
>
> 1. The correct name and last known address of each judgment debtor and the address at which each judgment debtor received the summons by personal service or by mail.
>
> 2. The name and address of the judgment creditor.
>
> 3. The amount of the judgment or decree as entered or as most recently renewed.
>
> 4. If the judgment debtor is a natural person, the judgment debtor's social security number, date of birth and driver license number.
>
> 5. Whether a stay of enforcement has been ordered by the court and the date the stay expires.

Section 33-967(D) further explains that "[a] judgment or decree or any renewal that requires the payment of money recorded on or after January 1, 1997, has as its priority the date of compliance with subsection A of this section."

¶11        The parties agree that the legislature's purpose in creating the information-statement requirement was "to help identify true judgment debtors and protect those who have been erroneously identified as so."  Senate Fact Sheet, S.B. 1300, 42d Leg., 2d Reg. Sess. (Ariz. 1996).  Presumably, the legislature sought to accomplish this by requiring judgment creditors to provide additional information about judgment debtors.

¶12        The Lewises maintain that their failure to attach an information statement to their recorded judgment and renewal did not invalidate their judgment lien but merely caused them to lose their priority.[5]  They further reason that the term "priority" as used in § 33-967(D) applies to only competing lienholders and not to subsequent purchasers.  The Lewises also maintain that subsequent purchasers like the Debords "st[an]d in the shoes of the original judgment debtors with regard to the judgment lien."  Accordingly, the Lewises conclude they have a valid judgment lien against the Debords' property.

---

[5]The Lewises contend "[t]he trial court was bound to follow valid precedent" contained in *Sourcecorp, Inc. v. Norcutt* (*Sourcecorp II*), 227 Ariz. 463, 258 P.3d 281 (App. 2011).  But *Sourcecorp II* did not involve the issue presented in this case.  In the factual and procedural history of that opinion, this court referred to an earlier appeal in which we determined that the plaintiff's "failure to attach the money judgment information statement [pursuant to §§ 33-961(C) and 33-967(A)] did not invalidate its lien." *Sourcecorp II*, 227 Ariz. 463, ¶ 6, 258 P.3d at 283, *citing Sourcecorp, Inc. v. Shill* (*Sourcecorp I*), No. 1 CA-CV 05-0425 (memorandum decision filed Sept. 26, 2006).  Generally, "[m]emorandum decisions shall not be regarded as precedent nor cited in any court."  Ariz. R. Civ. App. P. 28(c); *see also Calpine Constr. Fin. Co. v. Ariz. Dep't of Revenue*, 221 Ariz. 244, ¶ 24, 211 P.3d 1228, 1233 (App. 2009).  Courts similarly do not treat passing references to previous memorandum decisions in published opinions as precedent. *See Creach v. Angulo*, 186 Ariz. 548, 552, 925 P.2d 689, 693 (App. 1996) (court's statement on question not involved in case before it is dictum and not binding precedent).

**¶13** To address this issue, we first must determine what is necessary to create a valid judgment lien. Based on the plain language of § 33-961, the recording of a judgment pursuant to subsection (A), regardless of whether an information statement is attached thereto, creates a valid judgment lien as to the judgment debtor's then-existing or later-acquired real property. *See City of Tucson*, 218 Ariz. 172, ¶ 6, 181 P.3d at 225. Section 33-961(A) states that a certified copy of the judgment must be filed and recorded in the appropriate county "before the judgment shall become a lien." Despite listing the specific requirements for the certified copy of the judgment, § 33-961(A) does not require that an information statement also be attached "before the judgment shall become a lien." Likewise, although § 33-961(C) expressly states that the judgment or renewal "shall also be accompanied by an information statement," it does not condition the validity of the judgment lien on the attachment of the information statement. If the legislature had intended such a requirement, it easily could have said so. *See Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, ¶ 17, 269 P.3d 721, 726 (App. 2012).

**¶14** This conclusion is further supported by the plain language of § 33-964(A), which provides that, "from and after the time of recording as provided in § 33-961, a judgment shall become a lien for a period of five years from the date it is given, on all real property of the judgment debtor . . . in the county in which the judgment is recorded." *See Bonito Partners, LLC v. City of Flagstaff*, 229 Ariz. 75, ¶ 30, 270 P.3d 902, 910 (App. 2012) (statutes relating to same subject construed together). Similar to § 33-961(A), this statute focuses on the recording of the judgment as the basis for creating a judgment lien and does not condition the lien's validity on the attachment of an information statement. Thus, even after the 1996 amendment, the principles supporting a judgment creditor's ability to satisfy a judgment by executing on a judgment debtor's real property and the judgment debtor's ability to dispose of his or her property generally still stand. *See Byers*, 169 Ariz. at 218-19, 818 P.2d at 203-04; *Freeman*, 13 Ariz. App. at 184, 475 P.2d at 276.

**¶15** We next must determine the consequence for failing to attach an information statement to a recorded judgment or renewal.

Based on the plain language of § 33-967(D), we agree with the Lewises that a judgment creditor's failure to attach an information statement affects the priority of the judgment lien.[6] *See City of Tucson*, 218 Ariz. 172, ¶ 6, 181 P.3d at 225. Section 33-967(D) clearly specifies that a judgment lien has priority once the information statement is attached to the judgment. Priority commonly means "[t]he status of being earlier in time or higher in degree or rank;

_____

[6]Relying on *Department of Revenue v. Southern Union Gas Co.*, 119 Ariz. 512, 582 P.2d 158 (1978), the Lewises argue that the requirement to attach an information statement is directory, rather than mandatory, notwithstanding the use of the term "shall" in §§ 33-961(C) and 33-967(A). In *Southern Union Gas*, our supreme court addressed "the legal consequence for noncompliance" with a statute providing that the trial court "shall" hear a case within ninety days of docketing. 119 Ariz. at 513, 582 P.2d at 159. The court started with the "general proposition" that "statutes may be classified as either mandatory or directory." *Id.* It recognized that, when a mandatory statute is not followed, the proceedings to which it relates are void, while the failure to follow a directory statute has "no invalidating consequence." *Id.* at 513-14, 582 P.2d at 159-60. The court concluded that the statute, "while couched in obligatory language," was directory based on its "effect and consequences" and that the failure to comply did not require dismissal. *Id.* at 514, 582 P.2d at 160. The Lewises similarly reason that §§ 33-961(C) and 33-967(A) are directory and that their failure to attach a timely information statement did not invalidate their judgment lien.

Although we disagree that the language in the statutes is directory, we agree with the Lewises' argument that the failure to attach an information statement affects a judgment lien's priority and not its validity. Unlike the statute at issue in *Southern Union Gas*, § 33-967(D) plainly provides the legal consequence for failing to file a timely information statement—the judgment lien loses its priority. *See City of Tucson*, 218 Ariz. 172, ¶ 6, 181 P.3d at 225. Thus, even though the language in §§ 33-961(C) and 33-967(A) is mandatory, it is mandatory for the purpose of establishing the priority, not the validity, of the judgment lien.

precedence." *Black's Law Dictionary* 1386 (10th ed. 2014); *see also Webster's Third New Int'l Dictionary* 1804 (1971) (defining priority as "superiority in rank, position, or privilege"). Thus, by introducing the concept of priority here, the legislature necessarily placed conditions on the judgment creditor's ability to reach the judgment debtor's real property in which third parties have acquired a superior interest. *Cf. Rowe*, 131 Ariz. at 538, 642 P.2d at 883 ("[S]tatutes may expressly or by implication require recording of . . . conveyances if their priority is to be maintained.").

¶16        Our conclusion that the failure to attach an information statement affects a judgment lien's priority, not validity, is bolstered by the other provisions of § 33-967. *See Bonito Partners*, 229 Ariz. 75, ¶ 30, 270 P.3d at 910. Subsection (B) makes clear that the information statement must include the data prescribed by subsection (A) only if it is known by or available to the judgment creditor; if the data is not known, the judgment creditor must indicate as much in the information statement. And, subsection (C) provides that, if the judgment creditor fails to include an information statement with the judgment or any renewal, it may be amended to include one.[7] The facts that all the data need not be included and that the judgment or renewal may be amended undercut the argument that the lien is invalid if the information statement is not attached. *See Princess Plaza Partners v. State*, 187 Ariz. 214, 222 n.5, 928 P.2d 638, 646 n.5 (App. 1995) ("A 'voidable' agreement would be one subject to rescission or ratification whereas a 'void' agreement would be incapable of ratification or disaffirmance."); *Black's Law Dictionary* 1805 (defining voidable as "[v]alid until annulled"); *cf. State ex rel. Herman v. Mestas*, 12 Ariz. App. 289, 295, 469 P.2d 855, 861 (1970) (contract based on mutual mistake voidable).

¶17        Nevertheless, we disagree with the Lewises that the failure to attach an information statement affects the priority of a judgment lien in relation to only competing lienholders and not subsequent purchasers. If the legislature wanted to limit the concept

_____

[7]"Recording an amendment . . . does not affect the computation of time prescribed by § 33-964." § 33-967(E).

of priority in § 33-967(D) to the interests of competing lienholders, *see Black's Law Dictionary* 1386 (also defining priority as "a creditor's right to have a claim paid before other creditors of the same debtor receive payment"), it could have said so, *see Democratic Party of Pima Cnty.*, 228 Ariz. 545, ¶ 17, 269 P.3d at 726. And, we will not read such a limitation into the statute. *See Haag v. Steinle*, 227 Ariz. 212, ¶ 13, 255 P.3d 1016, 1019 (App. 2011) ("Courts will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself, nor will the courts inflate, expand, stretch, or extend a statute to matters not falling within its express provisions."). Furthermore, our judgment-lien statutes require strict compliance. *Sysco Ariz.*, 235 Ariz. 164, ¶ 8, 330 P.3d at 355-56.

**¶18** Thus, where a subsequent purchaser acquires an interest in a judgment debtor's real property after a judgment creditor records a judgment but before attaching an information statement, the resulting judgment lien loses its priority and the judgment creditor cannot satisfy his or her judgment by executing on that property. By adding the information-statement requirement in 1996, our legislature carved out a narrow exception to the general principle that a subsequent purchaser who has notice of a judgment lien takes the property subject to it. *See Sysco Ariz.*, 235 Ariz. 164, ¶ 6, 330 P.3d at 355; *Warren*, 170 Ariz. at 243-44, 823 P.2d at 691-92.

**¶19** Here, the Debords acquired their interest in the property in July 2012. But the Lewises did not attach an information statement to their recorded judgment until August 2013. Because the Debords acquired their interest in the property before the Lewises complied with § 33-967(A), the Debords' interest in the property has priority over the Lewises' judgment lien. Accordingly, the Lewises cannot satisfy their judgment by executing on the Debords' property. The trial court therefore did not err in granting summary judgment in favor of the Debords. *See Ochser*, 228 Ariz. 365, ¶ 11, 266 P.3d at 1065; *Pi'Ikea*, 234 Ariz. 284, n.7, 321 P.3d at 454 n.7.

**Attorney Fees and Costs**

¶20        Both parties have requested an award of attorney fees on appeal pursuant to A.R.S. § 12-341.01.  We deny the Lewises' request because they are not the prevailing party.  And, in our discretion, because the trial court has not yet resolved the Debords' request for attorney fees incurred before it, we defer resolution of their request on appeal to the trial court as part of those proceedings.  However, we grant the Debords their costs on appeal, pursuant to A.R.S. § 12-341, contingent upon their compliance with Rule 21, Ariz. R. Civ. App. P.

**Disposition**

¶21        For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the Debords.