IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| DEMOCRATIC PARTY OF PIMA COUNTY, a political organization, | ) ) ) | |
| Plaintiff/Appellant, | ) ) | 2 CA-CV 2011-0070 DEPARTMENT B |
| v. | ) ) | O P I N I O N |
| BETH FORD, in her official capacity as Pima County Treasurer; and PIMA COUNTY BOARD OF SUPERVISORS, | ) ) ) ) | |
| Defendants/Appellees. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20088876

Honorable Ted B. Borek, Judge

AFFIRMED

---

Risner & Graham
  By William J. Risner                                             Tucson

    and

Anthony B. Ching                                                    Tempe
                                        Attorneys for Plaintiff/Appellant

DeConcini McDonald Yetwin & Lacy, P.C.
  By John C. Richardson and Kristen B. Klotz                       Tucson
                                                     Attorneys for Defendant/
                                                           Appellee Ford

Slosser Struse Fickbohm
  Marveland Fletcher, P.L.C.
    By Ronna L. Fickbohm                                            Tucson
                                                    Attorneys for Defendant/Appellee
                                                    Pima County Board of Supervisors

_____

V Á S Q U E Z, Presiding Judge.

**¶1**        The Democratic Party of Pima County (the Democratic Party) appeals from the superior court's order denying its request for attorney fees and costs in a special action arising from its public-records request submitted to Beth Ford, in her capacity as Pima County Treasurer (the Treasurer), and the Pima County Board of Supervisors (the Board of Supervisors). The Democratic Party asserts that it "substantially prevailed" in obtaining the records, and it therefore was entitled to an award of attorney fees and costs pursuant to A.R.S. § 39-121.02. For the following reasons, we affirm.

### Factual Background and Procedural History

**¶2**        "We view the facts in the light most favorable to upholding the trial court's ruling." *Hammoudeh v. Jada*, 222 Ariz. 570, ¶ 2, 218 P.3d 1027, 1028 (App. 2009). The facts are largely undisputed. In October 2008, the Democratic Party requested from the Treasurer the "poll tapes" and "yellow sheets"[1] from a special bond election held in May 2006. The Treasurer responded to the request, explaining that the yellow sheets were enclosed in the ballot boxes, which pursuant to A.R.S. § 16-624 required a court order to

_____

[1]The poll tapes contain a summary of the ballots cast, and the yellow sheets are the end-of-day precinct reports.

open, and that she was unaware of the location of the poll tapes, but if they also were in the ballot boxes, a court order would be required. The Democratic Party agreed that a court order would be necessary to open the ballot boxes. Accordingly, in December 2008 the Democratic Party filed a special action against the Treasurer and the Board of Supervisors, under § 39-121.02, requesting an order to open the ballot boxes and to remove the poll tapes and yellow sheets.

¶3 After learning more about the information contained in the requested records, the Treasurer objected to disclosing the poll tapes because they are the "functional equivalent of the ballots." But, because the Democratic Party already had in its possession a database with the same information as the poll tapes, the Board of Supervisors did not oppose disclosure in this case. In February 2009, the Treasurer agreed with the Board of Supervisors to release the poll tapes. Although the only unresolved issues remaining between the parties apparently involved the procedures required to open the ballot boxes, there was very little activity in the case until November 2009.

¶4 In January 2010, the trial court ordered the parties to submit position statements regarding the recommended procedures for opening the ballot boxes. The Treasurer's statement included sixty-four procedures, of which the Democratic Party disagreed with forty-four. At a hearing in March 2010, the Treasurer and the Board of Supervisors again agreed to provide the Democratic Party with the poll tapes and yellow sheets, and the court ordered the opening of the ballot boxes to retrieve the records. The court gave the Treasurer "discretion to establish the procedures used to provide security,

3

inspection, copying and preservation" of the ballots, poll tapes, and yellow sheets. The Democratic Party received the requested records in May 2010.

¶5 Also in May 2010, the Democratic Party filed a motion for attorney fees and costs, which the trial court denied in August 2010. The Democratic Party filed a motion for reconsideration of its request; the court granted the motion, but denied relief. The final judgment was entered on February 16, 2011. This appeal followed. We have jurisdiction pursuant to A.R.S. § 12-120.21.

## Discussion

**Attorney Fees under A.R.S. § 39-121.02(B)**

¶6 The Democratic Party contends the trial court misinterpreted § 39-121.02(B) and abused its discretion in denying the Democratic Party's request for attorney fees under that statute. We review questions of statutory interpretation de novo, *Zeagler v. Buckley*, 223 Ariz. 37, ¶ 5, 219 P.3d 247, 248 (App. 2009), but we review a trial court's award or denial of attorney fees for an abuse of discretion, *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 18, 99 P.3d 1030, 1035 (App. 2004).

¶7 Under § 39-121.02(B), "[t]he court may award attorney fees and other legal costs that are reasonably incurred in any action under this article if the person seeking public records has substantially prevailed." In construing a statute, our "primary goal . . . is to give effect to the intent of the legislature." *Cornman Tweedy 560, LLC v. City of Casa Grande*, 213 Ariz. 1, ¶ 8, 137 P.3d 309, 311 (App. 2006). If a statute's language is clear, it is "the best indicator of the authors' intent and as a matter of judicial restraint we 'must apply it without resorting to other methods of statutory interpretation, unless

4

application of the plain meaning would lead to impossible or absurd results.'" *Winterbottom v. Ronan*, 227 Ariz. 364, ¶ 5, 258 P.3d 182, 183 (App. 2011), *quoting N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, ¶ 9, 93 P.3d 501, 503 (2004). "We resort to additional considerations 'such as the statute's context, history . . . and purpose'" if the language is ambiguous. *Taylor v. Cruikshank*, 214 Ariz. 40, ¶ 10, 148 P.3d 84, 87 (App. 2006), *quoting State v. Fell*, 203 Ariz. 186, ¶ 6, 52 P.3d 218, 220 (App. 2002).

¶8        The Democratic Party argues that the threshold requirement for an award of attorney fees under § 39-121.02(B) is a trial court's finding that the party substantially prevailed, and that once that finding has been made, the award is mandatory. We agree that the court first must find that a party substantially prevailed as a threshold requirement; however, we disagree that the court must award attorney fees after making that determination.

¶9        Generally, the use of the word "may" indicates permissive intent while "shall" denotes a mandatory provision. *City of Chandler v. Ariz. Dep't of Transp.*, 216 Ariz. 435, ¶ 10, 167 P.3d 122, 125 (App. 2007). In determining whether the word "may" as used in § 39-121.02(B) is permissive or mandatory, we first look to the plain meaning of the statute. *Frye v. S. Phx. Volunteer Fire Co.*, 71 Ariz. 163, 167, 224 P.2d 651, 654 (1950). Here, the plain meaning reveals that the legislature intended to give trial courts broad discretion in awarding attorney fees and costs. In addition to the word "may," § 39-121.02(B) uses the phrases "reasonably incurred" and "substantially prevailed." These phrases are broad and flexible so as to provide the court with wide latitude in

5

making its determination.  *Cf. Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, ¶ 35, 214 P.3d 415, 422 (App. 2009) ("'The decision as to who is the successful party for purposes of awarding attorneys' fees [pursuant to A.R.S. § 12-341.01] is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it.'"), *quoting Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (App. 1994).

¶10        Our interpretation of § 39-121.02(B) is supported by the plain meaning of the statute's second sentence, which states:  "Nothing in this paragraph shall limit the rights of any party to recover attorney fees pursuant to [A.R.S. § 12-341.01(C)], or attorney fees, expenses and double damages pursuant to [A.R.S.] § 12-349."  Under § 12-341.01(C), the trial court "shall" award attorney fees when "the claim or defense constitutes harassment, is groundless and is not made in good faith," and pursuant to § 12-349, the court "shall" award attorney fees, expenses, and double damages where a party acts in bad faith by engaging in one of four actions.[2]  When a statute uses both permissive and mandatory terms, we will presume the legislature was aware of the difference and intended each word to carry its ordinary meaning.  *City of Chandler v. Ariz. Dep't of Transp.*, 216 Ariz. 435, ¶ 10, 167 P.3d at 125.  In this case, we presume the legislature intended the court to have broad discretion in deciding whether to award attorney fees and costs under § 39-121.02(B), unless a party also meets the requirements

---

[2]The four bases for relief under § 12-349 are:  bringing or defending a claim without substantial justification; bringing or defending a claim for delay or harassment; unreasonably prolonging the proceeding; and engaging in abusive discovery practices.

of § 12-341.01(C) or § 12-349, in which case the award of attorney fees becomes mandatory. *See Pima Cnty. v. Maya Constr. Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988) (we construe related statutes together to give proper effect to all involved).

¶11 The Democratic Party relies on *Brooke v. Moore*, 60 Ariz. 551, 142 P.2d 211 (1943), to support its argument that § 39-121.02(B) requires a trial court to award attorney fees to the substantially prevailing party. However, the statute at issue in *Brooke* is distinguishable from § 39-121.02(B). There, the statute provided that if the Arizona Tax Commission found an applicant for a horse- or dog-racing permit had a reputation for honesty, integrity, and fair dealing and the applicant's plan was not objectionable, the commission "may" grant the application. *Brooke*, 60 Ariz. at 553, 142 P.2d at 211-12. The court interpreted the word "may" as mandatory because of potentially arbitrary and capricious action by the commission in denying a permit when the specific statutory prerequisites had been met. *Id.* at 554, 142 P.2d at 212. In contrast, § 39-121.02(B) does not narrow a court's consideration by providing a list of specific statutory factors, but instead provides generally that the court may award fees to the party who has substantially prevailed.

¶12 The Democratic Party next argues that, even if an award of fees is discretionary, the trial court abused its discretion by denying its request.[3] The court

---

[3]The Democratic Party suggests that if "this court finds it necessary to establish a set of standards for the exercise of discretion under § 39-121.02(B)," we should adopt the factors set forth in *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Local 598 v. Dep't of the Army*, 841 F.2d 1459 (9th Cir. 1988), for the exercise of discretion under the federal Freedom of Information Act. And, because the trial court did not consider those factors here, the Democratic Party contends this case should be

7

generally has broad discretion to award or deny attorney fees, and we will not reverse its decision unless there is no reasonable basis for it. *Cf. Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570-71, 694 P.2d 1181, 1184-85 (1985) (discussing attorney fees under § 12-341.01).

¶13 The trial court "conclude[d] that while each party prevailed in part, the [Democratic Party] as far as obtaining the records and the Treasurer as to the security procedures, neither party can be said to have substantially prevailed." The record supports that determination. By February 2009, the Treasurer and the Board of Supervisors had agreed to release the requested records with a court order. The contested issues in this case revolved around the procedures required to open the ballot boxes. In accordance with the Treasurer's position, the court ruled the Treasurer could use her discretion to establish the procedures. Thus, the court reasonably could have concluded the Democratic Party did not substantially prevail because the Treasurer prevailed on the contested issues.

¶14 The Democratic Party nevertheless argues it substantially prevailed because it obtained the records sought and because the "collateral issues" concerning the procedures should not have been considered by the trial court. But, the Treasurer and the Board of Supervisors acquiesced in releasing the requested records with a court order,

---

remanded. However, because we find the language of § 39-121.02(B) unambiguous and there was no error by the trial court in denying the fee request, we decline to adopt the federal factors.

8

and the Democratic Party agreed that one was necessary to open the ballot boxes.[4] Therefore, the "collateral issues" actually were, as the court found, the crux of the case. We are unpersuaded by the Democratic Party's public policy argument for the same reason. Although we recognize the importance of access to public records, *see Phx. Newspapers, Inc. v. Purcell*, 187 Ariz. 74, 81, 927 P.2d 340, 347 (App. 1996), that interest is not implicated where a government actor agrees to disclose the records but needs a court order to retrieve them. We find no error in the court's considering the Treasurer's and the Board of Supervisor's level of cooperation in denying the Democratic Party's request. *See Associated Indem. Corp.*, 143 Ariz. at 570, 694 P.2d at 1184 (discussing factors for court to consider in awarding attorney fees, including whether litigation could have been avoided or settled). Thus, we conclude the court did not abuse its discretion by denying the Democratic Party's request for attorney fees.

**Costs under A.R.S. § 12-341**

¶15 The Democratic Party also argues the trial court abused its discretion in denying its request for costs under A.R.S. § 12-341.[5] According to § 12-341, "[t]he successful party to a civil action shall recover from his adversary all costs expended or

---

[4]Section 16-624(A) provides that once an election canvass has been completed, the package containing the ballots shall be deposited with the "county treasurer, who shall keep it unopened and unaltered for . . . six months . . . , at which time he shall destroy it without opening or examining the contents." And subsection (D) of the statute states that "[i]f a recount is ordered or a[n election] contest begun within six months, the county treasurer may be ordered by the court to deliver to it the packages or envelopes containing the ballots, and thereupon they shall be in the custody and control of the court."

[5]The trial court's rulings do not address separately the Democratic Party's request for costs; however, we assume that the costs were denied in conjunction with the request for attorney fees.

9

incurred therein unless otherwise provided by law." For purposes of that statute, the court has the discretion to determine the successful party. *McEvoy v. Aerotek, Inc.*, 201 Ariz. 300, ¶ 9, 34 P.3d 979, 981 (App. 2001). We review the court's decision for an abuse of discretion. *Id.*

¶16    "Specific statutes create exceptions to general statutes. Therefore, if a provision of a special statute is inconsistent with one in a general statute on the same subject, the specific statute controls." *Ruth Fisher Elementary Sch. Dist. v. Buckeye Union High Sch. Dist.*, 202 Ariz. 107, ¶ 21, 41 P.3d 645, 650 (App. 2002). In this case, § 39-121.02(B) specifically addresses "attorney fees and other legal costs" incurred in a special action under title 39, chapter 1, article 2, whereas § 12-341 addresses costs in a "civil action" generally. As discussed above, the trial court has discretion to award attorney fees and costs under § 39-121.02(B). In contrast, under § 12-341, an award of costs to the successful party is mandatory. *Roddy v. Cnty. of Maricopa*, 184 Ariz. 625, 627, 911 P.2d 631, 633 (App. 1996). Thus, the two statutes conflict, and the statute that is implicated specifically in this case—§ 39-121.02(B)—controls. *See also Primary Consultants, L.L.C. v. Maricopa Cnty. Recorder*, 210 Ariz. 393, ¶ 32, 111 P.3d 435, 443 (App. 2005) (party not entitled to attorney fees under A.R.S. § 12-2030 because § 39-121.02(B) was applicable, specific statute).[6]

---

[6]*Primary Consultants, L.L.C.* was decided under the previous version of § 39-121.02(B), which required the custodian of records to have "acted in bad faith, or in an arbitrary or capricious manner." 1975 Ariz. Sess. Laws, ch. 147, § 1. Even without the bad-faith requirement, § 39-121.02 is inconsistent with § 12-341 because of the "may" versus "shall" distinction.

**¶17**        Our interpretation of § 39-121.02(B) is, again, bolstered by the plain language of the statute. Section 39-121.02(B) refers to § 12-341.01(C) and § 12-349 and requires the trial court to award certain fees and costs where those statutes apply. However, § 39-121.02(B) does not refer to § 12-341. If the legislature had intended to require the recovery of costs under § 12-341, it easily could have said so. *See Roller Vill., Inc. v. Superior Court*, 154 Ariz. 195, 199, 741 P.2d 328, 332 (App. 1987) ("The expression of one or more items of a class in a statute indicates an intent to exclude items of the same class which are not expressed."). Because the Democratic Party was not entitled to an award of costs under § 12-341, the court did not abuse its discretion in denying the request.

## Attorney Fees on Appeal

**¶18**        The Democratic Party requests attorney fees on appeal, pursuant to § 39-121.02(B). Because the Democratic Party was not the prevailing party, its request is denied.

## Disposition

**¶19**        For the foregoing reasons, we affirm.

/s/ *Garye L. Vásquez*

GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*

PHILIP G. ESPINOSA, Judge

11