NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Marriage of:

DAN LEE JACOBSON, *Petitioner/Appellee,*

*v.*

PENNY JACOBSON-BOETTCHER, *Respondent/Appellant.*

No. 1 CA-CV 13-0656
FILED 11-4-2014

---

Appeal from the Superior Court in Maricopa County
No. FC2012-094816
The Honorable Benjamin R. Norris, Judge

**AFFIRMED**

---

COUNSEL

Law Office of John R. Gaertner, P.C., Scottsdale
By John R. Gaertner, Jr.
*Counsel for Petitioner/Appellee*

Harmon Law Office, Phoenix
By Emile Harmon
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1        Penny Jacobson-Boettcher ("Mother") appeals the trial court's order denying her request for attorneys' fees and costs pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324(A) (Supp. 2013).   For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mother and Dan Lee Jacobson ("Father") were married in 1995.   The couple divorced, and a Decree of Dissolution of Marriage was entered in the Iowa District Court in January 1998.   The decree ordered Father to pay $350 per month in child support and fifty percent of the child's medical premiums and expenses.   In November 1998, the parties filed a joint stipulation to suspend Father's child support obligation until either party petitioned for the support to resume.

¶3        In 2012, Mother registered the foreign decree and joint stipulation in the Maricopa County Superior Court, and filed a petition to modify and enforce Father's child support obligation.   Following an evidentiary hearing, the court ordered Father to pay $1205.30 in monthly child support from November 2012 through June 2013, when the child turned eighteen.

¶4        Mother filed an opening brief with the trial court identifying three additional issues remaining to be resolved: (1) Mother's request for the child support to be retroactive, (2) Mother's claim for reimbursement of medical premiums and costs, and (3) Mother's claim that Father should be required to contribute to their child's college expenses.   Mother's requests for retroactive child support and undefined college expenses were denied. The court found that Mother's request for reimbursement of medical premiums and costs was not barred, but ordered Mother to provide exact calculations and supporting documentation to confirm the total amount owed.   After reviewing Mother's records, Father filed a response agreeing to pay the amount requested.

**¶5** In May 2013, Mother filed a petition for contempt and enforcement of child support. The petition was discussed during a telephonic status conference, and the trial court found the petition to be resolved.

**¶6** Mother moved for attorneys' fees pursuant to A.R.S. §§ 25-324 and 12-349 (Supp. 2013). She argued for fees based on the disparity in their incomes and Father's unreasonable position and actions. The trial court denied Mother's motion. Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2013).

## DISCUSSION

**¶7** Mother argues the trial court abused its discretion in denying her request for attorneys' fees and costs pursuant to A.R.S. § 25-324(A). Section 25-324(A) provides that the trial court can award attorneys' fees after considering the parties' financial resources and the reasonableness of their positions during the proceedings. *See Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8, 81 P.3d 1048, 1050 n.1 (App. 2004) (stating that reasonableness of the parties' positions and financial resources are two separate considerations, "and an applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award").

**¶8** "[W]e review a trial court's award or denial of attorney[s'] fees for an abuse of discretion." *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547, ¶ 6, 269 P.3d 721, 723 (App. 2012); *see also Hrudka v. Hrudka*, 186 Ariz. 84, 94-95, 919 P.2d 179, 189-90 (App. 1995) ("The decision whether to award attorneys' fees lies within the trial court's sound discretion."). "To find an abuse of discretion, there must either be no evidence to support the [trial] court's conclusion or the reasons given by the court must be clearly untenable, legally incorrect, or amount to a denial of justice." *Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 335-36, ¶ 39, 212 P.3d 17, 27-28 (App. 2009) (alteration in original) (citation omitted). "When there is no request for findings and the trial court does not make specific findings of fact, we must assume that the trial court found every fact necessary to support its [ruling] and must affirm if any reasonable construction of the evidence justifies the decision." *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13, 29 P.3d 870, 873 (App. 2001) (alteration in original) (internal quotation marks and citations omitted).

**¶9** Mother first argues she was entitled to attorneys' fees because of the disparity in income between the parties. Based on the child support

worksheets submitted in the proceedings below, Father's gross monthly income was $11,900 and Mother's was $5333.34. The existence of a disparity in income, however, is only a "benchmark for eligibility," and the trial court must consider all relevant factors before granting an award of fees. *Magee*, 206 Ariz. at 593, ¶ 18, 81 P.3d at 1052 ("If the trial court finds such a disparity, it is then authorized to undertake its discretionary function of determining whether an award is appropriate."). Here, it was well within the trial court's discretion to find that Mother, notwithstanding the disparity in income, has the financial resources to pay for her own attorneys' fees. Therefore, based on the record, the trial court did not abuse its discretion in denying Mother's request for fees based on disparity in income. Moreover, in considering all of the relevant factors, the court can deny a request for an award of attorneys' fees if the person seeking fees acted unreasonably in the litigation. As discussed below, the court did not abuse its discretion in denying fees if it did so because Mother took unreasonable positions in the litigation or because it concluded Father took reasonable positions. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 9, 333 P.3d 818, 822 (App. 2014) ("[A] disparity alone does not mandate an award of fees. '[T]he reasonableness of the positions each party has taken' is an additional consideration under the current statute. And, as the plain language of § 25-324(A) makes clear, a trial court has the discretion to deny a fee request even after considering both statutory factors." (citations omitted)).

¶10    Mother next argues she was entitled to attorneys' fees because Father's position below was unreasonable. *See In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 12, 200 P.3d 1043, 1046 (App. 2008) (concluding that the "legislature intended courts to assess the reasonableness of a litigant's position pursuant to § 25-324(A) by an objective standard"). We disagree. First, Father's position that retroactive child support was unwarranted is supported by the joint stipulation filed in November 1998. The court agreed with Father on this issue. Second, although Mother argues that Father forced her to incur an inordinate amount of fees before agreeing to reimburse her for past medical premiums and costs, the requirement for documentation, and its specificity, was in fact ordered by the court, supporting the view that Father's position was reasonable:

> **IT IS ORDERED** that within thirty (30) days of the date of this order, Mother shall file and serve an affidavit setting forth her **step-by-step**, exact calculation of how much she believes Father owes for insurance premiums and uncovered medical expenses under this Court's ruling above. Mother is to attach copies of **all** documents that she believes support her

calculation to her affidavit, and her affidavit is to specifically reference **each** specific document and **explain** how that document support[s] her calculation, i.e. Mother is not to simply attach all her documents to her affidavit and invite Father and the Court to determine how they relate to her calculation of Father's alleged liability.

Third, Mother provides no legal authority to support her claim that Father's failure to try and settle this amount out of court constitutes a per se unreasonable position. Accordingly, we find the trial court did not abuse its discretion in denying fees based on the reasonableness or unreasonableness of the parties' positions.

¶11 Finally, Mother argues the trial court erred in failing to award fees and costs when Mother was forced to incur them to obtain Father's compliance with court orders. Mother claims she "was forced to incur attorney[s'] fees solely due to [Father's] behavior in failing to pay the insurance premiums and uncovered expenses as ordered." We disagree. In May 2013, Mother filed a petition for contempt and enforcement, stating that Father was already in arrears. During a telephonic status conference, the trial court found the petition to be resolved. Mother has not provided us with a transcript or any alternative record of what occurred during that conference. "When a party fails to include necessary items, we assume they would support the court's findings and conclusions." *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995). "Because the trial court is in the best position to observe and assess the conduct of the parties before it," *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 38, 250 P.3d 1213, 1221 (App. 2011), and given the broad discretion vested in the trial court, we cannot say from the record before us that the court erred in denying fees related to Father's alleged noncompliance.

## CONCLUSION

¶12 For the foregoing reasons, we affirm. Both parties request their attorneys' fees on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we decline to award fees on appeal. We award Father his costs on appeal subject to timely compliance with Arizona Rule of Civil Appellate Procedure 21.

