IN THE

# ARIZONA COURT OF APPEALS

### DIVISION TWO

---

TUCSON ESTATES PROPERTY OWNERS ASSOCIATION, INC., AN ARIZONA
NONPROFIT CORPORATION,
*Plaintiff/Appellee,*

*v.*

HOLLY A. MCGOVERN, AN UNMARRIED WOMAN; AND
DONALD E. SINES, AN UNMARRIED MAN,
*Defendants/Appellants.*

No. 2 CA-CV 2015-0069
Filed January 15, 2016

---

Appeal from the Superior Court in Pima County
No. C20145514
The Honorable Richard S. Fields, Judge

**AFFIRMED IN PART AND REVERSED IN PART**

---

COUNSEL

Carpenter, Hazlewood, Delgado & Bolen, PLC, Tucson
By Jason Smith and Nicholas Nogami
*Counsel for Plaintiff/Appellee*

Stephen M. Weeks, Marana
*Counsel for Defendants/Appellants*

---

## OPINION

Judge Miller authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Eckerstrom concurred.

---

M I L L E R, Judge:

**¶1** We address whether A.R.S. § 12-341.01 requires an award of attorney fees to the prevailing party if the contract that authorizes such fees mandates an award to the other party but is silent as to the prevailing party. As a matter of statutory interpretation, we conclude that § 12-341.01(A) permits a fees award in this situation but does not mandate it.

**¶2** Holly McGovern and Donald Sines (collectively, "Appellants") appeal the trial court's denial of their request for attorney fees and costs against Tucson Estates Property Owners Association (TEPOA) after its request for an injunction and breach of contract claims were decided in favor of Appellants. Appellants argue they should have been awarded fees pursuant to A.R.S. § 12-341.01 and costs pursuant to A.R.S. § 12-341 because they were the prevailing parties below; further, they should have been awarded fees pursuant to A.R.S. § 12-349 as a sanction. For the following reasons, we affirm the court's ruling on attorney fees but reverse its denial of costs.

### Factual and Procedural Background

**¶3** We view the facts in the light most favorable to upholding the trial court's ruling. *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, ¶ 6, 202 P.3d 536, 539 (App. 2009). In 2012, Appellants purchased property in Tucson Estates, which included a shed that had been built more than thirty-five years earlier. They were informed in writing that if they moved or replaced the shed, any new structure would have to comply with the current covenants, conditions, and restrictions (CC&Rs).

¶4         Sines soon submitted a change request to replace the shed in a new location.[1]  The request form included this admonition: "The Association has thirty (30) days to respond to this request.  Do not start your project until you have received approval."  There were multiple handwritten notes on the form, including "Appears shed will fit," and a check mark in a box indicating the plan was denied.  Contrary to the suggestion in the document that his plan was rejected, Sines testified that the person who inspected the property for TEPOA gave verbal approval to replace the shed.  He also testified he never received a copy of his request with the "Plan Denial" box checked.  The trial court accepted Sines's testimony, finding that TEPOA did not send the rejection form to Appellants.

¶5         More than a year after Sines submitted the request, and after he had completed the shed, TEPOA sent Sines a letter stating he had violated the CC&Rs.  Sines continued to correspond with TEPOA and eventually moved the shed to the cement pad where the previous shed had stood.

¶6         TEPOA sought injunctive relief to require appellants to remove the shed, as well as liquidated damages and attorney fees based on breach of contract.  The matter was tried to the court in a one-day hearing.  The court found the homeowners relied on either actual or implicit approval in building their shed.  Additionally, it denied injunctive relief based, in part, on TEPOA's year-long delay in giving notice to Appellants of the alleged violations of the CC&Rs and its failure to approve the relocation of the shed.  The court also vacated the fines imposed by TEPOA against the homeowners, effectively denying the breach of contract claims.  The court concluded, "In light of the tenor of this case, each party is to bear their own fees and costs."  The court denied Appellants' motion for reconsideration "[i]n light of the procedural history, the evidence presented, and the tenor of the case."  Appellants' motion for a new trial on the attorney fees issue was denied without further comment.  This timely appeal followed.

---

[1]Although both McGovern and Sines are owners of the lot, most of the communications with TEPOA involved only Sines.

**Attorney Fees**

**Mandatory Attorney Fees Pursuant To § 12-341.01**

**¶7** Appellants contend the trial court was required to award attorney fees under § 12-341.01(A). We generally review the denial of attorney fees for an abuse of discretion, but whether § 12-341.01(A) requires an award of fees is a question of law we review de novo. *See Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, ¶ 5, 330 P.3d 961, 962-63 (App. 2014).

**¶8** Section 12-341.01(A) provides that in an action arising out of contract, the trial court "*may* award the successful party reasonable attorney fees." (Emphasis added.) This section, however, cannot "be construed as altering, prohibiting or restricting" the contract terms. *Id.*

**¶9** We first determine whether there was a contract between the parties and, if so, examine the particular fees provision. *See Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 521, 747 P.2d 1218, 1220 (1987) (analyzing first whether express or implied contract existed before determining whether § 12-341.01 applied). Here, the relevant fees clause is contained in the CC&Rs, which constitute a contract between TEPOA's property owners as a whole and individual lot owners. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, ¶ 5, 2 P.3d 1276, 1279 (App. 2000). The agreement included this attorney fees provision: "In the event [TEPOA] receives judgment against any person for a violation or threatened violation of any of the CC&R's herein, [TEPOA] shall . . . be entitled to recover from such person reasonable legal fees and costs." The CC&Rs contained no provisions regarding attorney fees in the event judgment was rendered for the lot owner and against TEPOA.

**¶10** Appellants argue they were entitled to mandatory attorney fees under § 12-341.01(A) as a matter of "equity [and] basic fairness" because TEPOA would have received mandatory fees under the unilateral contract provision if it had prevailed. They rely on *Pioneer Roofing Co. v. Mardian Construction Co.*, 152 Ariz. 455, 733

P.2d 652 (App. 1986), to support this argument.[2]  In that case, the trial court ordered Mardian to pay the attorney fees of two other parties.  *Id.* at 470, 733 P.2d at 667.  The contract contained a specific provision that allowed Mardian to recover attorney fees in disputes, but was silent as to the other parties.  *Id.*  Mardian argued on appeal that the contract provision preempted the applicability of § 12-341.01, and because it was silent as to the other parties, it was error to award them fees.  152 Ariz. at 470, 733 P.2d at 667.  In upholding the award of fees, we concluded that there was no "prohibition against the recovery of attorneys' fees to one party under § 12-341.01 simply because a contract contains a unilateral attorneys' fees provision favorable to another party."  *Id.* at 471, 733 P.2d at 668; *see also Geller v. Lesk*, 230 Ariz. 624, ¶ 9, 285 P.3d 972, 975 (App. 2012) (citing *Pioneer Roofing* for principle that court will apply contract to determine fee award for named party, but "may award fees for other party under A.R.S. § 12-341.01(A)").

**¶11**        Appellants seek to expand *Pioneer Roofing* to mandate an award of fees when a unilateral fees provision requires an award of fees to the other party had it prevailed.  Although arguably reasonable as a matter of equity, the plain language of § 12-341.01(A) states only that a court *may* award fees in an action arising out of contract, and that it will not alter applicable contracts.  The purpose of the statute is to "mitigate the burden of the expense of litigation to establish a just claim or a just defense."  § 12-341.01(B); *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, ¶ 43, 126 P.3d 165, 176 (App. 2006).  It offers the possibility of mitigating the expense of bringing a valid

---

[2]Appellants also rely on two unpublished cases dated before January 1, 2015, presumably because they wish to assist the court in deciding whether to issue a published opinion.  *See* Ariz. R. Sup. Ct. 111(c) (allowing citation to memorandum decisions to establish claim preclusion, assist court in deciding whether to publish, or—if issued on or after January 1, 2015—for persuasive value).  The two unpublished cases, however, do not illustrate any lack of guidance in published case law or expand the holding of *Pioneer Roofing*, 152 Ariz. at 471-72, 733 P.2d at 668-69.  Thus, we rely solely on the published cases.

claim, but does not, by its language and stated purpose, require equity. Further, *Pioneer Roofing* does not support such an expansion; the court held only that the trial court has the discretion to award attorney fees under § 12-341.01 *despite* the existence of a unilateral fee provision. 152 Ariz. at 471, 733 P.2d at 668. To the extent this mandatory-discretionary differentiation results in an asymmetrical treatment of parties to a contract,[3] the authority to revise § 12-341.01 is vested solely in the legislature.[4] *See In re Pinal Cty. Mental Health No. MH-201000029*, 225 Ariz. 500, ¶ 20, 240 P.3d 1262, 1268 (App. 2010) ("[T]his court is not free to amend the unambiguous language of our statutes to conform to our own notions of public policy."). The trial court was not required to award attorney fees pursuant to § 12-341.01 and *Pioneer Roofing*.

---

[3]A party may avoid asymmetrical treatment under the terms of a contract by negotiation or simply refusing to enter such a contract. We recognize that some contracts may be contracts of adhesion for which there is no practical ability to alter the terms of an unfavorable contract. *See generally Broemmer v. Abortion Servs. of Phx., Ltd.*, 173 Ariz. 148, 150-51, 840 P.2d 1013, 1015-16 (1992). Because this issue was not raised below, we express no opinion as to whether the CC&Rs constitute such a contract and, even if so construed, whether an adhesion contract would affect the statutory analysis.

[4]Appellants argue in their reply that reciprocal attorney fees were required under the familiar maxim "'[o]ne who seeks equity must do equity.'" *See, e.g., Turner*, 196 Ariz. 631, ¶ 20, 2 P.3d at 1282, *quoting Ariz. Coffee Shops, Inc. v. Phx. Downtown Parking Ass'n*, 95 Ariz. 98, 100, 387 P.2d 801, 802 (1963) (alteration in *Turner*). Typically we do not consider arguments raised for the first time in a reply brief. *Fisher v. Edgerton*, 236 Ariz. 71, n.2, 336 P.3d 167, 171 n.2 (App. 2014). Even were we to consider the issue here, it is doubtful a general common-law canon supplants the plain language of § 12-341.01. *Cf. Flood Control Dist. of Maricopa Cty. v. Gaines*, 202 Ariz. 248, ¶ 9, 43 P.3d 196, 200 (App. 2002) (within constitutional limits, legislature may alter common law "when its intent to do so is 'clearly and plainly manifest[ed]'"), *quoting Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991) (alteration in *Gaines*).

**Whether Discretionary Attorney Fees Should Have Been Awarded**

¶12　　　　Appellants argue in the alternative that the trial court abused its discretion because the factors to be considered in awarding fees pursuant to § 12-341.01(A) weighed in their favor. We may uphold a decision on attorney fees under § 12-341.01 if it has any reasonable basis, even if the trial court gave no reasons for denying the request for fees. *Uyleman v. D.S. Rentco*, 194 Ariz. 300, ¶ 27, 981 P.2d 1081, 1086 (App. 1999). The question on appeal "'is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.'" *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985), *quoting Davis v. Davis*, 78 Ariz. 174, 179, 277 P.2d 261, 265 (1954) (Windes, J., specially concurring).

¶13　　　　Our supreme court outlined the factors that may be considered to determine the amount of a fee award under § 12-341.01. *Id.* at 570, 694 P.2d at 1184. Those potentially applicable here include the merits of the claim presented by TEPOA, whether the litigation could have been avoided or settled, whether fees would cause extreme hardship to the unsuccessful party, whether the successful party prevailed with respect to all relief sought, novelty of the legal questions, and whether awarding fees would discourage parties from prosecuting legitimate contract claims. *Id.*

¶14　　　　Appellants contend all factors weighed in their favor, particularly because the trial court concluded the late issuance of the denial letter "encroache[d] on misconduct," and because the homeowners repeatedly communicated with TEPOA to resolve the issue, ultimately moving the shed. Although the trial court did make note of TEPOA's failures, it generally found that the merits of the case were "equally balanced," and that the delay in issuing the denial later essentially tipped the scale against TEPOA. The other factors may weigh in favor of Appellants, but because a reasonable basis supports the ruling, we do not substitute our discretion for that of the trial court. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 21, 99 P.3d 1030, 1036 (App. 2004). The court did not abuse its discretion by denying Appellants' request for attorney fees.

**Whether Attorney Fees Should Have Been Awarded As a Sanction**

**¶15** Appellants contend attorney fees were mandatory under A.R.S. § 12-349(A)(1) for bringing a claim without substantial justification. We could consider TEPOA's failure to respond to this argument to be a confession of error, *see In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 7, 32 P.3d 39, 42 (App. 2001), but in our discretion we do not do so, *see Savord v. Morton*, 235 Ariz. 256, ¶ 9, 330 P.3d 1013 (App. 2014). To mandate attorney fees, TEPOA's claim must have been groundless and not made in good faith. *See* § 12-349(F). As the trial court found, there was conflicting evidence regarding Appellants' assertion they had no notice of the plan denial. This conflict in the testimony and the absence of evidence showing the claim lacked good faith demonstrates that the trial court did not err in its decision not to award § 12-349 attorney fees.[5]

**Costs**

**¶16** Appellants argue the trial court erred by denying their request for costs. We review the court's decision for an abuse of discretion. *Democratic Party of Pima Cty. v. Ford*, 228 Ariz. 545, ¶ 15, 269 P.3d 721, 725 (App. 2012).

**¶17** A.R.S. § 12-341 states, "The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." Although the award of costs is mandatory, the trial court has discretion to determine which party was successful. *Ford*, 228 Ariz. 545, ¶ 15, 269 P.3d at 725. Arizona courts apply the same principles to determine the successful party in both the attorney fees and costs contexts. *See Henry v. Cook*, 189 Ariz. 42, 44, 938 P.2d 91, 93 (App. 1996).

**¶18** TEPOA does not directly respond to the § 12-341 argument, but generally contends that Appellants were not successful parties below. It reasons that because injunctive relief is

---

[5]Appellants also argue the trial court erred by failing to make findings of fact as required by A.R.S. § 12-350, but this was never raised below, and is therefore waived. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300-01, 878 P.2d 657, 658-59 (1994).

an equitable remedy and denial of such does not require finding a prevailing party, the trial court could have correctly determined that neither party prevailed. TEPOA relies on *Turner*, 196 Ariz. 631, ¶ 4, 2 P.3d at 1278, in which a special master denied retroactive injunctive relief to the plaintiffs for previous violations of the CC&Rs, but enjoined the homeowners from making future alterations without board approval. The court upheld the finding that there was no prevailing party. *Id.* ¶ 22. *Turner* is inapposite. TEPOA prevailed on none of the claims against Appellants, while each party in *Turner* prevailed in part. *Id.* ¶ 4. Moreover, Appellants prevailed against the breach of contract claims for monetary damages. In view of its ruling on the merits that denied all of TEPOA's requested relief and the mandatory requirement of A.R.S. § 12-341, the court erred in failing to award Appellants their costs. *See Michaelson v. Garr*, 234 Ariz. 542, ¶ 5, 323 P.3d 1193, 1195 (App. 2014) (court abuses discretion when record devoid of competent evidence supporting decision).

## Request for Judicial Notice of Subsequent Case

**¶19**      Appellants requested that this court take judicial notice of a second lawsuit filed against them by TEPOA after they filed their notice of appeal. They argue the second lawsuit is relevant because it illustrates that an attorney fee award is necessary to discourage "another meritless lawsuit." TEPOA objects to the request and seeks attorney fees as a sanction for a frivolous motion. *See* Ariz. R. Civ. App. P. 25.

**¶20**      We decline the request to take judicial notice because the case file was not forwarded along with the request. *Ariz. Dep't of Revenue v. Questar S. Trails Pipeline Co.*, 215 Ariz. 577, n.7, 161 P.3d 620, 625 n.7 (App. 2007). Further, the case was not available to the trial court at the time it ruled and its relevance is minimal, at least while it is pending in the superior court. Although we decline to take judicial notice of the subsequent case, in our discretion we deny TEPOA's request for fees.

## Disposition

¶21　　　　For the foregoing reasons, we affirm the trial court's ruling as to attorney fees, but reverse as to costs.  Appellants also request an award of attorney fees on appeal.  In our discretion, we deny the request.