NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

STEPHANIE RECTOR,
*Petitioner/Appellant,*

v.

JOHN STEVENSON,
*Respondent/Appellee.*

No. 1 CA-CV 19-0852 FC
FILED 2-16-2021

Appeal from the Superior Court in Maricopa County
No. FC2010-091675
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Bert L. Roos, PC, Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellant*

Law Offices of Matthew S. Schultz, PC, Tempe
By Matthew S. Schultz
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1             Stephanie Rector ("Mother") appeals from the superior court's post-decree modification orders for John Stevenson ("Father") on child support, parenting time and attorney fees.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2             This action concerns P.S. and her unmarried parents. P.S. was born in 2006.  Five years later, the superior court awarded Mother and Father joint legal decision-making and physical custody of P.S. and ordered Father to pay Mother $300 per month in child support.  The court ordered that neither party need pay child support in 2015.  It did not account for private school tuition.

¶3             Mother was convicted of DUI in April 2012 and extreme DUI in March 2018.  She concealed both incidents from Father.  The second DUI involved an accident.  Mother continued to drink and drive—even with P.S. in the car.  In August 2018, Mother tried to pick up her daughter from school while intoxicated and was banned from the school.  After learning about this incident and Mother's two DUIs, Father petitioned the superior court to modify legal decision-making authority and parenting time, while also moving for a temporary order awarding him sole legal decision-making authority.  The court granted Father's request and required Mother's parenting time be supervised and that she undergo random urinalysis testing.

¶4             Mother continued to drink. She submitted three diluted urine samples in the first two weeks of December 2018 and then missed tests in December 2018 and January 2019.  Also, while under a court order not to drink, she consumed several alcoholic beverages during her December 2018 vacation in Mexico.

¶5             Following an evidentiary hearing in 2019 on Father's underlying petition, the court again awarded the parents equal parenting time and joint legal decision-making authority, while giving Father final

decision-making authority where the parents could not agree. This time, however, Mother was ordered to pay Father $35 a month in future child support and $7,623 in retrospective child support. The court also ordered Mother and Father to alternate child-related tax deductions and restricted international travel. Father was awarded $10,000 in attorney fees. Mother timely appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.   Prospective Child Support

**¶6**            Mother raises several challenges to the superior court's child support award for Father. "We review child support awards for abuse of discretion," *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018), upholding the award for any reason supported by the record, unless it is devoid of competent evidence, *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017). We do not reweigh the evidence. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). We review de novo the court's conclusions of law, including interpretations of A.R.S. § 25-320 app. § 9(B)(2) (2018) ("Guidelines"). *Birnstihl*, 243 Ariz. at 590-91, ¶ 8.

**¶7**            Mother argues the superior court erroneously calculated Father's income at $6,000 per month. But the court's calculation is supported by the evidentiary record, including Father's child support worksheet, and Father's sworn testimony both in February 2019 and June 2019, when he set his monthly income as $6,200 and $5,836 based on then-available information. Mother complains, in particular, that the superior court found Father's more recent financial information to be more persuasive than his older financial information. But the trial court properly considered conflicting evidence, and we will not reweigh that evidence on appeal. *Hurd*, 223 Ariz. at 52, ¶ 16.

**¶8**            Mother next contends the court should have included Father's vehicle, travel and home office expenses in calculating his income because they are not "ordinary and necessary" business expenses. But the record evidence supports the court's decision, including Father's testimony that he incurred the expenses in the ordinary course of his real estate and consulting businesses. On this record, the court did not abuse its discretion. *See id.*

**¶9**            Mother also argues the superior court erroneously included private school tuition payments in the child support worksheet because the 2015 child support order did not include them. But whether to include reasonable and necessary expenses for private or special school tuition

when calculating child support is within the trial court's discretion. Guidelines § 9(B)(2). And, "[o]nce a court [finds] substantial and continuing circumstances warranting a child support modification, the court determines the amount of child support pursuant to the Guidelines." *Nia*, 242 Ariz. at 424, ¶ 19. Father testified about the tuition expenses at trial and offered proof of payment. Mother never objected to including these costs. Therefore, the court acted within its discretion by including private-school tuition in the child-support calculations.[1]

## II. Retroactive Child Support

¶10 Mother next challenges the superior court's award of retroactive child support. The court awarded Father child support arrears of $693 per month because Mother had exercised only 35 parenting days in the prior 12 months. Mother claims the court miscalculated her income and Father's income, "did not take evidence" on Mother's parenting time or childcare expenses, and miscalculated annual parenting time on eight months of parenting.

¶11 We have addressed Mother's arguments about Father's income above. Mother contends the court erred in calculating her monthly income at $4,100 by ignoring her $14-per-hour pay, which "started . . . on September 17, 2018." But the record supported the court's finding. At the evidentiary hearing, she did not identify the period for those wages, whether she received bonuses, or how many hours she worked. As for evidence of parenting time, Mother had a full and fair opportunity to present evidence on the issue—she did not. The court did not abuse its discretion in determining retrospective child support based on the evidence provided by Father. And the Guidelines expressly permit a court to extrapolate annualized parenting time from fewer than 12 months. Guidelines § 11 (determining parenting time from a "court order or parenting plan or by the expectation or historical practice of the parents"). Mother has shown no abuse of discretion.

## III. Restrictions to the Parenting Plan

¶12 Mother argues the court abused its discretion by prohibiting either parent from taking P.S. "outside of the United States without either

---

[1] Mother claims the superior court erroneously modified the allotment of tax exemption years. We decline to address the argument because Mother never develops the argument or cites supporting legal authority. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007).

a court order or the other parent's written permission." We review parenting plans for abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 285-6, ¶ 28 (App. 2019). Courts must adopt parenting plans consistent with the child's best interests and may include conditions "necessary to promote and protect the emotional and physical health of the child[,]" A.R.S. § 25-403.02(B), (D), which may include restrictions on international travel, *Lehn*, 246 Ariz. at 285, ¶ 26.

¶13 The record includes evidence supporting this restriction, including Mother's vacation to Mexico in December 2018, during which she consumed alcohol in violation of the superior court's order. The court also restricted Father's international travel. Nor was the superior court required to include that "the other parent's written permission should not be unreasonably withheld." At minimum, the court remains available to hear these arguments and resolve disputes regarding international travel.

## IV. Attorney Fees in Superior Court

¶14 Mother contests the attorney fees award to Father. The superior court may award attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). This court reviews an attorney fee award for an abuse of discretion. *Democratic Party of Pima Cty. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Hurd*, 223 Ariz. at 52, ¶ 19.

¶15 Mother first argues the court should not have awarded Father attorney fees because he did not file an "Application for Attorney's Fees and Costs" as ordered by the court. Because the attorney fee statute does not require a party to file such a document before the court awards attorney fees, her argument fails. A.R.S. § 25-324.

¶16 Beyond that, the record contains evidence supporting the court's fee award against Mother. The court found her "unreasonable conduct caused Father to file his Petition and his Motion for Temporary Orders." Mother does not dispute this, instead she argues that the court erred in weighing competing evidence because—as she alleges—Father earns 2.5 times more than Mother and acted unreasonably during negotiations. Trial courts have discretion to weigh competing considerations, and we "give due regard to the trial court's opportunity to

judge the credibility of the witnesses." *Hurd*, 223 Ariz. at 52, ¶ 16. Mother has shown no error here.

**¶17**        Mother also challenges the amount of attorney fees awarded as excessive, but her arguments are directed at Father's original request of $23,990.55, which the court reduced to $10,000. And even there, she only contests $5,764.50 of the original request. At any rate, we cannot say the record "is devoid of competent evidence to support" the $10,000 fee award, which is reasonable. *Id.* at ¶ 19.[2]

## CONCLUSION

**¶18**        Because Mother has shown no error, we affirm. Mother and Father request attorney fees on appeal under A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of their positions, we exercise our discretion to deny attorney fees. As the prevailing party, Father is awarded his taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2]        Mother also raises an argument about the Soberlink Testing Schedule, but she concedes the issue is moot. This Court will generally not examine moot questions and does not do so here. *State v. Henderson*, 210 Ariz. 561, 565, ¶ 10 n.2 (2005).