NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RUSSELL JONES, *Plaintiff/Appellant,*

*v.*

CITY OF TEMPE, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0083

FILED 11-06-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-005836
The Honorable Scott Sebastian Minder, Judge

**AFFIRM**

COUNSEL

ZWILLINGER WULKAN PLC, Phoenix
By Larry J. Wulkan, Lauren Whittaker, Alexis J. Eisa
*Counsel for Plaintiff/Appellant*

Tempe City Attorney's Office, Tempe
By Eric C. Anderson, Sarah R. Anchors
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

¶1        Russell Jones appeals the superior court's order denying his request for attorney fees from the City of Tempe ("Tempe") under Arizona Revised Statutes Section 39-121.02(B). For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Jones was arrested by the Tempe Police Department in October 2023. In December, Jones submitted a public records request for, among other things, the arresting officers' body-worn camera ("BWC") footage. Tempe filed criminal charges against him three days later.

¶3        Tempe processes public records requests for BWC footage in the order they are received. Each officer's BWC footage must be reviewed at least twice in "real time," once to redact audio and once to redact video. Requests can range from a single, minutes-long video to dozens of videos involving hours of footage. This means a single request can take a reviewer anywhere from a few hours to multiple weeks to process. Tempe typically employs two specialists trained to redact BWC footage, but at the time of Jones' request, one specialist had retired, and Tempe had not yet been able to hire a replacement. Accordingly, the personnel shortage, time-intensive redaction process, and volume of requests led to a backlog of approximately 330 pending public records requests for BWC footage at the time Jones filed his request.

¶4        In March 2024, Tempe informed Jones that due to the backlog and personnel shortage, it estimated his request for BWC footage would not be completed until the end of the year but could be expedited if he sought a subpoena.

¶5        Tempe soon provided Jones with all requested records except for the BWC footage. Two days later, Jones filed a special action to compel production of the BWC footage, arguing Tempe failed to "promptly respond" to his request as required under Section 39-121.01(E).

**¶6**        At a status conference in early April, Tempe informed Jones that he would receive the same BWC footage, unredacted, as part of his criminal case. Indeed, he received the unredacted BWC footage a few weeks later. Jones then filed an application for attorney fees under Section 39-121.02(B).

**¶7**        In October 2024, the superior court denied Jones' application. It found that Tempe promptly responded to his request under the circumstances, and thus Jones was not entitled to fees because he had not substantially prevailed. The court also found that even if Tempe was not prompt and Jones had substantially prevailed, it would still deny Jones' request because Tempe made appropriate efforts to comply with its statutory obligations, including by providing alternatives to expedite the request.

**¶8**        Jones appealed the denial. We have jurisdiction under Sections 12-2101(A)(1) and 12-120.21(A)(1).

## DISCUSSION

**¶9**        We review the superior court's award or denial of attorney fees under Section 39-121.02(B) for an abuse of discretion. *Am. C.L. Union of Ariz. v. Ariz. Dep't of Child Safety*, 251 Ariz. 458, 461, ¶ 11 (2021).

**¶10**        "If a plaintiff is found to have substantially prevailed in an action seeking to enforce a public records request, the trial court has broad discretion under [Section] 39-121.02(B) to award or deny attorney fees and costs." *Id.* "We will not disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Id.* Finding that a party substantially prevailed is merely a "threshold requirement" under Section 39-121.02(B); the decision to award fees remains discretionary. *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547–48, ¶¶ 8–9 (App. 2012).

**¶11**        Even assuming Jones substantially prevailed, the superior court would have still denied him fees. Our only relevant inquiry is whether such denial was an abuse of discretion.

**¶12**        The record supports the court's decision to deny fees. The delay was due to a personnel shortage, the burdensome nature of redacting BWC footage, and the backlog of requests. The record contains no evidence of Tempe's misconduct. Indeed, Tempe provided Jones with reasonable alternatives, such as issuing a subpoena or merely accepting as satisfactory the unredacted versions of the BWC footage that Tempe provided in his criminal case. Jones did not challenge Tempe's policies for redacting BWC

3

footage and processing requests, and he gave no reason why his request should receive priority over the 330 requests ahead of him. We see no basis to conclude that the superior court abused its discretion.

**¶13**       Jones requests his attorney fees and costs on appeal under Sections 12-341, 39-121.02, and ARCAP 21. Because Jones is not the prevailing party on appeal, we deny his request.

## CONCLUSION

**¶14**       We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR