NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SCOTT KLARKOWSKI, et al., *Plaintiffs/Appellees*,

*v.*

MICHAEL S. DEFINE, et al., *Defendants/Appellants*.

No. 1 CA-CV 17-0583
FILED 10-09-2018

Appeal from the Superior Court in Maricopa County
Nos.  CV 2013-054397
CV 2013-070433
(Consolidated)
The Honorable John R. Hannah Jr., Judge

**AFFIRMED**

COUNSEL

The Law Office of Michael S. DeFine, Sun City
By Michael S. DeFine
*Counsel for Defendant/Appellant Susan Snyder*

Michael S. DeFine, Sun City
*Defendant/Appellant*

The Law Office of Darrell J. Duncan PLLC, Phoenix
By Darrell J. Duncan
*Counsel for Plaintiffs/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

**¶1**          Michael DeFine appeals the superior court's award of attorneys' fees and costs to Scott Klarkowski ("Scott") and Julie Klarkowski (together, "the Klarkowskis").[1]  Because a reasonable basis exists for the award, we affirm.

**BACKGROUND**

**¶2**          In 2009, Scott and DeFine (Scott's attorney at the time) formed a limited liability company, DeKlark Renovations LLC ("the LLC") to renovate and sell a residence referred to as the Ivy Property ("the Property").  Although the parties never reduced the specifics of their agreement to writing, it is undisputed they agreed to equal ownership stakes and managerial authority in the LLC.  As provided by their oral agreement, DeFine would provide the purchase money for the Property, Scott would serve as general contractor for the renovations, and they would share equally the resulting profit.

**¶3**          In March 2010, Julie Klarkowski emailed DeFine inquiring about removing Scott's name from the LLC based on fear of lawsuits from creditors.  After the exchange of several more emails, DeFine filed an amendment with the corporation commission purporting to remove Scott as a member of the LLC in May 2010.  Over the next three years, the business continued as it had prior to this amendment.  In June 2013, however, Scott filed several amendments with the corporation commission that not only reinstated him as a member of the LLC, but also purported to remove DeFine as a member.  The dispute between Scott and DeFine ultimately escalated to the point where law enforcement ordered both of them off the

---

[1]          Michael DeFine's wife, Susan Snyder, is also a party to the appeal. For ease of reference, and because all material aspects of this litigation relate only to Michael, unless otherwise noted we refer to them collectively as "DeFine."

Property, not to return until either or both obtained a court order allowing entry.

¶4        In a complaint verified by Michael DeFine, the LLC filed suit against the Klarkowskis, alleging in part breach of contract, conversion, fraud, tortious interference, and trespass.  The LLC also requested a declaratory judgment to confirm the Klarkowskis were not legally entitled to act as members, take any action, or claim ownership for or on behalf of the LLC.  The Klarkowskis, in turn, sued DeFine and his law office alleging various claims, including legal malpractice, breach of contract, and unjust enrichment.  The Klarkowskis also sought declaratory relief confirming that Scott "remains and is an equal member" of the LLC.  DeFine filed a motion to intervene in the LLC case, seeking to "join in the declaratory judgment claim to protect his interest in [the LLC]."  His motion was denied as moot given the superior court's later decision to consolidate the two cases.

¶5        After consolidation, the superior court granted summary judgment in favor of the Klarkowskis on four of the LLC's seven claims against them.  In March 2015, the court appointed a receiver to complete the renovations and sell the Property.  In the subsequent bench trial, the court found that DeFine's 2010 filing with the corporation commission was ineffective and Scott remained a member of the LLC with coequal ownership interest and management authority.  The court confirmed Scott's right to have his out-of-pocket expenditures on the Property be treated as an expense of an LLC member, to be repaid from the net proceeds of the receiver's sale of the Property.  Regarding the Klarkowskis' claims against DeFine, the court granted DeFine's motion for summary judgment on three of the claims and the remaining four were tried to a jury, resulting in a defense verdict.  The court entered judgment against the Klarkowskis in the amount of $1,807.11 for jury fees.

¶6        Judgment was entered directing the clerk of the court to release the proceeds of the sale of the Property and the receiver released $67,724.11 to the Klarkowskis and $82,567.39 to DeFine.  At the same time, the superior court dismissed the LLC's remaining claims against the Klarkowskis on procedural grounds and denied DeFine's request to refile the complaint as a derivative action.  The court also noted that requests for attorneys' fees by any party could be filed within 20 days and that after consideration of the requests, the court would enter a final judgment.

¶7        DeFine and the Klarkowskis both filed motions for attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 12-341.01, and all parties requested costs, including the receiver's fees.  The court granted

the Klarkowskis' motion in part against DeFine and denied DeFine's and the LLC's motions. In its nine-page ruling, the court found that, by virtue of their success in the declaratory judgment trial, the Klarkowskis were the successful party under the totality of the litigation. That decision, the court explained, not only established the Klarkowskis' right to be reimbursed for expenditures on the Property, it also ended DeFine's ability to use the LLC as a vehicle to maintain claims against the Klarkowskis. Because the declaratory judgment terminated DeFine's unilateral authority to control the LLC, the LLC's claims against the Klarkowskis necessarily failed. In response to DeFine's argument that he prevailed at the jury trial, the court explained it had no effect on the affirmative relief the Klarkowskis had already achieved.

¶8        The Klarkowskis requested $124,628.93 in attorneys' fees, but the superior court did not award fees related to the jury trial because those claims "focused primarily on the tort claim for professional negligence." After several other reductions, the court entered judgment against "Michael S. DeFine and Susan Snyder, husband and wife, for attorneys' fees of $89,135.00 and taxable costs of $28,197.60." This timely appeal followed.

## DISCUSSION

¶9        The superior court's determination of who is the successful party for purposes of awarding attorneys' fees lies "within the sole discretion of the trial court and will not be disturbed on appeal if any reasonable basis exists for it." *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994) (citation omitted). Substantial deference to the superior court is appropriate "because that court is better able to evaluate the parties' positions during the litigation and to determine which has prevailed." *Berry v. 352 E. Va., L.L.C.*, 228 Ariz. 9, 13, ¶ 22 (App. 2011) (citation omitted); *see also Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985) ("We cannot substitute our discretion for that of the trial judge." (quoting *Davis v. Davis*, 78 Ariz. 174, 179 (1954) (Windes, J., specially concurring))).

### A.        Successful-Party Determination

¶10        DeFine argues he is the "successful" party in this litigation because he successfully defended against all the Klarkowskis' claims against him and avoided a greater dollar amount of liability than the Klarkowskis recovered. A party's successful defense against a majority of claims, however, is not dispositive of whether it is "successful" for purposes of § 12-341.01(A). *See Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶¶ 9–

4

10 (App. 2016). Furthermore, "in a case involving multiple claims and varied success, the trial court may apply a . . . totality of litigation test." *Berry*, 228 Ariz. at 13–14, ¶ 22 (internal quotation and citation omitted). And when applying the totality of litigation test, the court may consider "other factors aside from the winning of a money judgment." *See Ayala v. Olaiz*, 161 Ariz. 129, 132 (App. 1989).

**¶11** DeFine has not shown the superior court abused its discretion in concluding the declaratory judgment, under the totality of the litigation, made the Klarkowskis the successful party against both the LLC and DeFine. The declaratory judgment entitled the Klarkowskis to payment they would not have otherwise received—reimbursement from the proceeds of the Property. The Klarkowskis were thus the only party to obtain affirmative relief in this case. The court also considered important nonmonetary factors to determine the Klarkowskis were the successful party, including that the LLC could no longer instigate causes of action against the Klarkowskis at DeFine's unilateral behest. DeFine's argument to the contrary—that he defeated the claims against him personally—is not dispositive, especially in light of the court's proper use of the totality of the litigation approach. *See Lee*, 240 Ariz. at 161, ¶ 10. Furthermore, DeFine's argument that the LLC disbursed more money to him than the Klarkowskis after the bench trial is inapposite. This was money DeFine was already entitled to as a member of the LLC. Absent the declaratory judgment, DeFine would have received the entire proceeds from the sale of the Property and the Klarkowskis would have received nothing. Therefore, a reasonable basis exists for the court's determination that the declaratory judgment made the Klarkowskis the successful party.

**¶12** In reaching this conclusion, we note the broad discretion afforded the superior court to determine whether attorneys' fees should be awarded is especially appropriate in a case such as this one. With a complicated procedural history involving several intertwined contract and tort claims, and where the only affirmative relief obtained was a declaratory judgment that entitled a party to reimbursement of expenses, the superior court was in the best position "to evaluate the parties' positions during the litigation and to determine which [party] prevailed." *Berry*, 228 Ariz. at 13, ¶22.

### B.      Rejection of Settlement Offers

¶13         Section 12-341.01(A) provides as follows:

> In any contested action arising out of a contract, express or
> implied, the court may award the successful party reasonable
> attorney fees. If a written settlement offer is rejected and the
> judgment finally obtained is equal to or more favorable to the
> offeror than an offer made in writing to settle any contested
> action arising out of a contract, the offeror is deemed to be the
> successful party from the date of the offer and the court may
> award the successful party reasonable attorney fees.

The second sentence of § 12-341.01(A) obliges a court to compare a written
settlement offer with the "judgment finally obtained" in the case.  *Hall v.
Read Dev., Inc.*, 229 Ariz. 277, 279, ¶ 9 (App. 2012).  "If the offer is more
favorable than the judgment finally obtained, then the offeror is 'deemed'
to be the successful party 'from the date of the offer.'"  *Id.*  This court has
explained the phrase "judgment finally obtained" includes "reasonable fees
and costs incurred as of the date the offer was made."  *Id.* at 283, ¶ 20.  We
review the superior court's resolution of the "settlement comparison test"
called for by this section for abuse of discretion and will uphold it if legally
correct for any reason.  *Id.* at 284, ¶ 26 & n.10 (citation omitted).

¶14         Here, the "judgment finally obtained" by the Klarkowskis,
inclusive of attorneys' fees and costs, was $183,249.60.  Thus, to achieve
successful-party status under the settlement comparison test, DeFine was
required to establish that he made a written settlement offer that exceeded
the judgment finally obtained, evaluated within the context of each
settlement offer.

¶15         DeFine argues the Klarkowskis cannot be the successful party
under the second sentence of § 12-341.01(A) because they did not obtain a
judgment more favorable than any of DeFine's written settlement offers.
Thus, according to DeFine, he is the "successful party" in the action.
DeFine also contends the superior court abused its discretion by
considering improper factors when comparing the settlement offers to the
final judgment.

¶16         DeFine points to five settlement offers, asserting each of them
qualify him as the "successful party" under the statute.  First, on December
9, 2013, and "in open court," DeFine offered the Klarkowskis an "equal
50/50 split of [the] LLC."  Second, on January 14, 2014, DeFine offered the
Klarkowskis his ownership interest in the LLC for $191,000.  Third, on

March 7, 2014, DeFine offered to buy out the Klarkowskis' interest in the LLC or have his interest bought out by the Klarkowskis with the price determined by the following formula: "provable expenses + 1/2 (average of 3 most recent comps – all expenses [including the LLC's attorneys' fees, costs, operating expenses, and debt])."  Fourth, during a September 23, 2015, settlement conference, DeFine allegedly offered to split the proceeds from the sale of the house evenly with the Klarkowskis.  Fifth, on October 16, 2015, DeFine offered to split the net proceeds from the Property and make Scott the sole member of the LLC, with both parties to bear their own fees and costs.

¶17        DeFine's first and fourth offers cannot make him the "successful party" under the second sentence of § 12-341.01(A).  The statute states twice that it applies to "written" offers only.  Conceding this fact, DeFine argues that because the statute "does not say who has to write it" a court-made record of the settlement offer in a minute entry satisfies the statute.   Such an interpretation would contradict the statute's plain language, which speaks of offers "made in writing to settle."  A.R.S. § 12-341.01(A).  Plainly, offers are not "made in writing" when delivered orally, even if a court records them after the fact in a minute entry.  Rather, the second sentence of § 12-341.01(A) requires the offeror, when a settlement offer is made, to do so in writing to qualify for treatment as the "successful party."  Moreover, as the superior court noted, because the first offer would have left expense allocation issues unresolved, whether the first offer was more favorable to the Klarkowskis than the judgment they finally obtained is speculative at best.  Accordingly, the court acted within its discretion when it rejected DeFine's argument that these two settlement offers, neither of which were in writing, meant he should be "deemed to be the successful party."

¶18        Nor did the superior court abuse its discretion when it concluded that DeFine's second offer would not have been as favorable to the Klarkowskis as the judgment they finally obtained.  The court rejected this offer as a basis for making DeFine the successful party because it found "the Klarkowskis would have lost more than $45,000 had they accepted DeFine's offer."  The court reached this conclusion by adding the total expenses actually incurred to finish work on the Property, approximately $170,558.58, and the $191,000 DeFine set as his buyout price.  The court then subtracted that amount from the $314,770.17 net proceeds from the Property sale.  DeFine faults the court for using actual expenses incurred in developing the Property, and the actual proceeds from its sale, instead of Scott's estimates of those figures at the time DeFine made the offer.  The decision to use actual expenses and proceeds from the sale provides a more

accurate comparison with the "judgment finally obtained" and was well within the court's discretion when conducting the settlement comparison test.

**¶19**     The superior court also acted within its discretion when it concluded that the third settlement offer was less favorable to the Klarkowskis than the final judgment. Because DeFine, in part, based the amount he would pay the Klarkowskis on an average of the three most recent "comps," this offer, like the first, left important issues unresolved and its favorability to the Klarkowskis is unknown. The court also signaled that resolution of this issue might be especially difficult in light of the parties' history of disagreement on the price of the Property. In addition to the uncertain benefit, this offer would have required the Klarkowskis to pay part of the LLC's attorneys' fees in the litigation. DeFine objects to the court's decision, arguing that the formula would have resulted in his offer being greater than what the Klarkowskis won at trial. DeFine's argument, however, merely illustrates the soundness of the court's conclusion. DeFine is unable to point to concrete numbers that show the formula was certain to produce a more favorable outcome for the Klarkowskis than the trial. This demonstrates the court acted within its discretion when it held the third settlement offer too indeterminate to qualify DeFine as the successful party.

**¶20**     Regarding the fifth settlement offer, the superior court found it was less favorable to the Klarkowskis than the judgment finally obtained because, although they would have received half the sale proceeds of the Property, it would have required them to bear their own attorneys' fees and costs. At that point in the litigation, the Klarkowskis had incurred a substantial amount of attorneys' fees and costs, and DeFine has not challenged, much less shown, that any of the claimed fees or costs were unreasonable. Thus, he has failed to show his offer was more favorable to the Klarkowskis than the judgment finally obtained. DeFine argues the court erred in applying the statute because it should not have included Klarkowskis' attorneys' fees in the amount of the "judgment finally obtained." DeFine, however, ignores our decision in *Hall*, where we held that § 12-341.01(A) requires a court to consider "reasonable fees and costs incurred as of the date the offer was made." *Hall*, 229 Ariz. at 283, ¶ 20. This is precisely what the superior court did here. For these reasons, we conclude the court did not abuse its discretion in deciding the "judgment finally obtained" by the Klarkowskis was more favorable than any of these five settlement offers.

### C.    DeFine's Personal Liability for Fees and Costs

¶21      In awarding fees against DeFine, the superior court reasoned that because "[the LLC] and DeFine were aligned against the Klarkowskis throughout the litigation" so closely, the Klarkowskis' victory against the LLC with respect to the declaratory judgment was also a victory against DeFine. The LLC's claims, the court explained, relied on "DeFine's claimed authority to act unilaterally on behalf of [the LLC]." But when the court declared Scott was still a member of the LLC, "DeFine's claim of authority evaporated." As a result, DeFine could no longer use the LLC "as a vehicle for maintaining causes of action against Klarkowski."

¶22      DeFine argues the superior court erred in holding him responsible for attorneys' fees because the LLC, not he, was "adverse" to the Klarkowskis on the relevant claims. "[T]o recover attorneys' fees under A.R.S. § 12–341.01, it is necessary that the parties be adverse." *Pioneer Roofing Co. v. Mardian Const. Co.*, 152 Ariz. 455, 466 (App. 1986). "Adversity" for purposes of § 12-341.01 does not depend solely on "the parties' alignment in the pleadings, but rather must be ascertained from the opposing positions or interests of the parties." *Id.* The superior court found that DeFine and the LLC were aligned in that they advocated an identical theory in all subsequent "proceedings up to and including the declaratory judgment trial." So aligned were the interests of these two that the court allowed DeFine to personally participate in the declaratory judgment trial, even though the LLC's claim against the Klarkowskis was technically the only one at issue in the trial. Accordingly, the court did not abuse its discretion in finding DeFine's positions and interests so substantively similar to the LLC's throughout the litigation as to make him "adverse" to the Klarkowskis for purposes of § 12-341.01.

¶23      DeFine also argues the superior court inappropriately held him personally liable for the debts of the LLC "despite no claim to pierce the corporate veil, no evidence [of] alter ego, and the trial court's rejection of [his] attempt to pursue [the LLC]'s claims in a derivative lawsuit." Relying only on A.R.S. § 29-651, DeFine contends that "limited liability company members are not liable for the company's debts." However, the Arizona Limited Liability Company Act imposes joint and several liability on "all persons who assume to act as a limited liability company without authority to do so . . . for all debts and liabilities incurred by the persons so acting." A.R.S. § 29-652. Significantly, each of the LLC's claims against the Klarkowskis were premised on DeFine's alleged authority to act unilaterally on the LLC's behalf and deal with Scott as an outsider. But because Scott was still a member of the LLC, DeFine never actually had

such authority. The LLC's case against the Klarkowskis was therefore an unauthorized action by DeFine purporting to act as the LLC for which DeFine may be held "jointly and severally liable for all debts and liabilities [he] incurred," which in this case includes attorneys' fees. *See id.* Despite DeFine's assertion to the contrary, nothing about the court's imposition of a judgment against him for attorneys' fees in this case is inconsistent with Arizona law.

### D. Procedural Compliance

¶24 DeFine argues the superior court improperly granted the Klarkowskis' motion for attorneys' fees because the Klarkowskis did not comply with Arizona Rule of Civil Procedure ("Rule") 54(h)(2)(A) because the February 21, 2017, form of judgment neither stated the specific sum of attorneys' fees awarded by the court, nor included a blank in the form of judgment to allow the court to include an amount later. However, by its terms, subsection (h) of Rule 54 does not apply when Rule 54 otherwise allows for a later motion for attorneys' fees or request for costs. Rule 54(h)(1) ("Except as otherwise allowed by this rule . . . ."). One such exception is a motion for fees filed pursuant to Rule 54(g)(2). The Klarkowskis' motion for attorneys' fees complied with the requirements of Rule 54(g)(2) and was therefore not subject to Rule 54(h)(2)(A).

¶25 DeFine also appears to argue that because the release of the proceeds from the sale of the Property effectively meant all claims and liabilities against the LLC had been adjudicated, the decision was subject to Rule 54(b), meaning the Klarkowskis were required to move for attorneys' fees within 20 days of the release of those funds under Rule 54(g)(3)(A)(i). However, because the court never entered judgment under Rule 54(b), and no party moved for judgment under that Rule, the parties were permitted to wait until the conclusion of the action before moving for attorneys' fees. *See* Rule 54(g)(3)(A)(ii).[2]

---

[2] DeFine does not contest the reasonableness of the amount of fees awarded. Instead, he suggests the Klarkowskis' failure to adequately discuss the *Warner* factors in their motion for attorneys' fees somehow taints the superior court's award. *See Warner*, 143 Ariz. at 570. However, DeFine cites no authority requiring the Klarkowskis to explicitly analyze those factors in their motion. Furthermore, even though it was not required to do so, the court did provide analysis of at least some of the factors. *See Tucson Estates Prop. Owners Ass'n, Inc. v. McGovern*, 239 Ariz. 52, 56, ¶ 12

### E. Recovery of Costs

¶26      Finally, DeFine challenges the superior court's award of taxable costs to the Klarkowskis under A.R.S. § 12-341. To the extent DeFine argues the Klarkowskis were not entitled to recover costs because they were not the successful party in the litigation, we conclude the court did not abuse its discretion for the same reasons outlined above. DeFine also argues the court erred by granting the Klarkowskis the receiver's fees as costs, because the Klarkowskis allegedly sought those fees as damages at the jury trial. Nothing in the record supports this assertion. DeFine's appellate briefing is contradictory on this point, also claiming "[t]he only damages the Klarkowskis sought were an equal interest in [the LLC] and their expectancy interest from the sale of [the Property]." Moreover, DeFine sought half of the receiver's fees as costs himself in his motion for fees and costs. DeFine fails to show how the court's inclusion of the receiver's fees as taxable costs was an abuse of discretion, and we affirm the court's decision on this matter.

### F. Fees and Costs on Appeal

¶27      DeFine requests attorneys' fees incurred on appeal under § 12-341.01(A). Because DeFine has not prevailed on appeal, we deny his request. The Klarkowskis also request attorneys' fees on appeal but fail to provide any substantive basis for the request, as required by Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a)(2) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees."). Although we may nonetheless exercise our discretion to award fees despite this failure, we decline to deviate from the rule in this case. *See* ARCAP 21(a)(2) (stating that "the appellate court may decline to award fees" if a party fails to provide a substantive basis for the fee request). We therefore deny the Klarkowskis' request for attorneys' fees. As the successful party on appeal, however, we award the Klarkowskis their taxable costs upon compliance with ARCAP 21.

---

(App. 2016) ("We may uphold a decision on attorney fees . . . even if the trial court gave no reasons for denying the request for fees."). Thus, DeFine's concern over the *Warner* factors is misplaced.

## CONCLUSION

¶28 For the foregoing reasons, we affirm the superior court's judgment awarding attorneys' fees and costs to the Klarkowskis.

